A03A0798. WEEKS v. THE STATE.
(578 SE2d 910)

BLACKBURN, Presiding Judge.

Kevin Weeks appeals the denial of his motion to withdraw his plea of guilty to armed robbery and aggravated assault, arguing that the plea was not valid because (1) it was not entered knowingly or voluntarily, and his attorney (2) was ineffective and (3) lacked the authority to represent him because he never formally entered an appearance. Finding that Weeks's plea was knowing and voluntary, and that Weeks was legitimately represented by competent counsel, we affirm.

After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion. *Dalton v. State.*[1] Once a defendant questions the validity of his guilty plea, the State must prove the plea was intelligently and voluntarily entered. The State may meet that burden by either (1) showing on the record of the plea hearing that the defendant understood the rights he was waiving and the consequences of his plea, or (2) filling

a silent record with extrinsic evidence that affirmatively shows the plea was knowing, intelligent, and voluntary. *Roberts v. Greenway*.[2]

Weeks pled guilty to two counts of a four-count indictment and received concurrent ten-year sentences. In exchange for pleading guilty, the State nolle prossed the other charges. Shortly after the court imposed sentence, Weeks moved pro se to withdraw his plea. At the motion hearing, Weeks contended that he did not enter his plea knowingly or voluntarily, asserting that he relied on his former attorney's misrepresentations that he would be sentenced to ten years with only three to serve. He claimed that he was coerced by his attorney's "threats" that he would receive the maximum sentence if he went to trial. Weeks based his ineffective assistance claim on these alleged acts by his attorney and his general lack of preparation. Weeks also argued that, based on procedural irregularities in the appointment of his counsel, he was technically unrepresented. At the hearing, the trial court ruled against Weeks on all these issues.

1. We first address Weeks's contention that his plea was not entered knowingly and voluntarily. He contends that his plea was entered on the mistaken belief that he would receive a shorter sentence. He further contends that he was coerced by his attorney into waiving a trial of the issues. The record shows that the plea hearing was held in compliance with Uniform Superior Court Rules (USCR) 33.7, 33.8, and 33.9. During the plea hearing, Weeks testified that he understood both the rights he was waiving, and the State's proposed sentence of "ten years to serve." He was also fully informed of the nature of the plea and other facts as required by USCR 33.8. After Weeks was sentenced to ten years in prison, he was asked if he had any questions, and he responded, "No, sir."

Weeks filed a verified acknowledgment of the preceding that provided in part:

(1) Are you able to hear and understand my statements and questions? Answer. Yes. . . . (3) Has your lawyer explained the charges against you? Answer. Yes. (4) Do you understand that you have a right to a jury trial? Answer. Yes. (5) Do you understand that you could have a jury trial by pleading not guilty or by remaining silent and not entering a plea? Answer. Yes. (6) Do you understand that you have the right to assistance of counsel during trial? Answer. Yes. . . . (10) Do you understand that by pleading guilty you are giving up all of those rights? Answer. Yes. (11) Has anyone made any threats or promises to influence you to plead guilty in this case? Answer. No. . . . (13) Have you had a chance to dis-

---

[2] *Roberts v. Greenway*, 233 Ga. 473, 475 (211 SE2d 764) (1975).

cuss your case thoroughly with your lawyer? Answer. Yes. Who is your lawyer? Answer. Jim Michael. (14) Are you satisfied with the services and advice of your lawyer? Answer. Yes. (15) Do you understand that the district attorney has made the following recommendations? Ten years to serve as to Counts 1 and 2 to run concurrently — [nolle prossed] Counts 3 and 4. Answer. Yes. (16) The maximum sentence for these charges would be 20 years to life in prison as to Count 1; 20 years in prison as to Count 2. Do you understand that the court is not bound by any promises or recommendations and that the court can impose that sentence? Answer. Yes. (17) How do you plead to the charge, guilty or not guilty? Answer. Guilty. (18) Are you in fact guilty? Answer. Yes. Do you want to plead guilty? Answer. Yes. (19) Have you understood all these questions and given truthful answers? Answer. Yes.

Weeks's former attorney, Jim Michael, also testified that he kept Weeks informed of all plea negotiations, and that the State's best offer was ten years for armed robbery, and that Weeks appeared to understand that. Michael recommended to Weeks that he not go to trial because of the overwhelming and emotionally charged evidence that the jury and judge would hear, noting that if Weeks were found guilty, he probably would not get the minimum sentence. Michael explicitly denied threatening Weeks in any way. This testimony is consistent with Weeks's verified pleading. Weeks's motion hearing testimony, however, conflicted with his own verified pleading and Michael's testimony. Issues of credibility are for the trier of fact, and the trial court resolved such, contrary to Weeks's interest. See *McCloud v. State*.[3] The trial court did not err in its ruling on this issue.

2. Weeks also contends that the trial court should have found that his trial counsel provided ineffective assistance. The issue was argued, and the trial court denied Weeks's motion. Thus, the claim was preserved for appellate review. See *Howard v. State*.[4]

Weeks failed to meet his burden of showing that counsel's representation was deficient. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must show both that counsel's performance fell below an objective standard of reasonableness, see *Strickland v. Washington*,[5] and that there is a reasonable probability that, but for counsel's errors, the defendant would not

[3] *McCloud v. State*, 240 Ga. App. 335, 336 (525 SE2d 701) (1999).
[4] *Howard v. State*, 233 Ga. App. 724, 731 (505 SE2d 768) (1998).
[5] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart.*[6] Weeks bases his ineffective assistance claim entirely on his contention that Michael misrepresented the plea agreement and coerced him into pleading guilty, contentions the trial court rejected. The trial court did not err in its ruling on this issue.

3. Weeks argues that because Michael never filed a written entry of appearance, Michael lacked the authority to represent him and, therefore, Weeks was not actually represented by counsel during his guilty plea, rendering it invalid. This contention is wholly without merit. USCR 4.2 states that no attorney can represent his client in court until he "has entered an appearance by filing a signed entry of appearance form *or* by filing a signed pleading in a pending action." (Emphasis supplied.) As Michael filed several signed, pre-trial motions on behalf of Weeks, he satisfied the requirements of USCR 4.2. A formal written entry of appearance was unnecessary. The trial court did not err in its ruling on this issue.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 10, 2003 —

*Gregory J. Lohmeier*, for appellant.

*J. Tom Morgan, District Attorney, Thomas E. Csider, Rosemary W. Brewer, Assistant District Attorneys*, for appellee.

---

[6] *Hill v. Lockhart*, 474 U. S. 52, 57 (106 SC 366, 88 LE2d 203) (1985).