## A03A2587. VOILS v. THE STATE.
(598 SE2d 33)

BARNES, Judge.

Donald Scott Voils was indicted on charges of rape, aggravated sodomy, statutory rape, aggravated child molestation, enticing a child for indecent purpose, sexual battery, child molestation, and cruelty to children involving his stepdaughter. Counsel was retained to represent Voils, and he proceeded to trial on September 11, 2000, before a jury. After testimony from the stepdaughter and her grandfather, the trial court held a hearing regarding the admissibility of certain similar transaction testimony required by *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991), and heard testimony from Voils' stepdaughter and wife. Following the hearing, Voils requested a recess to negotiate a plea. After a short recess, Voils pled guilty to statutory rape and child molestation and on October 17, 2000, was sentenced to twenty years in prison, ten to serve and the remainder on probation.

Voils dismissed his trial counsel and was appointed new counsel, and on November 13, 2000, filed a motion to withdraw guilty plea, asserting that his former trial counsel was ineffective and his guilty plea was not knowing and voluntary. Following an evidentiary hearing, the trial court denied the motion finding that the plea was knowing and voluntary and trial counsel effective.

Voils appeals pro se from the denial of his motion to withdraw his plea, contending that the trial court erred in finding that his plea was knowing and voluntary, erred in denying his motion for an evidentiary hearing on his "post-trial" ineffective assistance claim, and erred in finding that trial counsel was effective. Upon review, we affirm.

1. In three enumerations of error, Voils claims that his trial counsel was ineffective. We do not agree.

> In order to establish ineffective assistance of counsel, [Voils] was required to show that his trial counsel's performance was deficient and that such deficient performance so prejudiced his defense that a reasonable probability existed that the outcome of the trial would have been different in the absence thereof. Absent a showing of prejudice, no further inquiry need be made into counsel's alleged deficiency. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.

(Citations and punctuation omitted.) *Chancey v. State*, 258 Ga. App. 319, 321 (4) (574 SE2d 383) (2002).

(a) Voils first claims that trial counsel was ineffective for failing to file a plea at bar based on double jeopardy prior to trial. Voils argues that the issue of double jeopardy is relevant because he pled guilty in Floyd County to the same charges at issue in the present case. He maintains that his Floyd County plea "encompassed all acts of sexual intercourse with [his stepdaughter] prior to December 1999."

The attempt to raise claims of ineffectiveness of counsel on grounds different from those supporting the original ineffectiveness claim are procedurally barred. *Seese v. State*, 235 Ga. App. 181, 183-184 (3) (509 SE2d 94) (1998). Here, because Voils failed to raise this issue at the motion to withdraw guilty plea hearing, where he raised two other ineffectiveness claims, the issue is waived and cannot be considered. To preserve an issue of ineffective assistance, the issue must be raised at the first possible stage of post-conviction review or the issue is waived. *Setser v. State*, 233 Ga. App. 822, 824 (2) (505 SE2d 798) (1998).

Although he relies on *Redding v. State*, 188 Ga. App. 805 (374 SE2d 339) (1988), for the proposition that this Court will review an alleged violation of the substantive bar against double jeopardy that was not raised and ruled on in the trial court, this reliance is misplaced because *Redding* was overruled on this ground. See *Edmonson v. State*, 212 Ga. App. 449, 452 (3) (442 SE2d 300) (1994).

Moreover, had the issue been properly preserved, we would affirm because the record demonstrates that Voils pled guilty to separate acts which occurred in separate jurisdictions.

> The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. The double jeopardy clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.

(Citations and punctuation omitted.) *Pennyman v. State*, 222 Ga. App. 779 (476 SE2d 71) (1996).

Here, before the crimes at issue, Voils was indicted in Floyd County for sexual battery and contributing to the delinquency of a minor. The act was alleged to have happened on December 3, 1999, in Floyd County. He pled guilty to sexual battery and was sentenced to 12 months probation. In the present indictment, however, Voils was charged with acts that occurred in Chattooga County between January 1, 1998 and November 22, 1998.

Double jeopardy does not bar a subsequent criminal prosecution of a separate transaction. Further, because this claim was baseless, trial counsel's failure to pursue it does not constitute ineffective assistance. *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994).

(b) Voils contends that trial counsel was ineffective for failing to present a statutory alibi defense prior to trial. But, as noted above, the issue of ineffectiveness must be brought at the earliest opportunity, which in this case was the withdrawal of guilty plea hearing. Because Voils did not raise the issue at the first possible opportunity, it is waived and cannot be considered. See *Setser v. State*, supra, 233 Ga. App. at 824.

(c) Finally, Voils asserts that trial counsel was ineffective for failing to file a motion to withdraw his guilty plea.

At the hearing on the motion to withdraw his guilty plea, Voils testified that on October 2, 2000, before he was sentenced on October 17, 2000, he sent trial counsel a letter requesting that his guilty plea be withdrawn. In the letter Voils states that "we need to talk about my plea. We need to withdraw my plea or possibly reenter it." Voils testified that he heard from trial counsel the following Monday, and counsel told him that unless he could pay the remaining $5,000 of the attorney fees, "I'll not withdraw the guilty plea." Counsel told him that he would file the motion to withdraw if Voils came up with the money. Voils testified that when he talked with counsel about one week later and told him that he could not come up with the money, counsel said he could not withdraw his plea and "if you get up there and show mercy and not make waives [sic] they will treat this as a first offender plea."

Trial counsel testified that although he had received the letter, he recalled Voils being concerned only about wanting to pursue a civil rights violation claim for an assault in the jail and receiving first offender status. He said that on the date of sentencing, Voils never told him he wanted to withdraw his guilty plea. Voils testified that he did not mention withdrawing his guilty plea at the sentencing hearing because he was nervous and afraid and "didn't know what was going on and I was following Mr. Lanier's advice."

A defendant has an absolute right to withdraw a guilty plea and plead not guilty at any time before sentence is orally pronounced by the trial court. OCGA § 17-7-93 (b). Here, however, at the sentencing hearing Voils presented evidence on his behalf without objection and with knowledge of the maximum possible punishment he might face by entering a guilty plea. Also, Voils had an opportunity to address the court and said nothing to indicate that he had doubts about entering a guilty plea. He instead said,

I would just like to address the Court that I am sorry to the victim, the victim's family, for my actions, and to my family who sits here by my side today, and that I will be submitted to any rehabilitation or treatment or counseling that the Court sees fit, and that I ask the Court to consider first offenders treatment.

Any contradictions on whether he wanted to unequivocally withdraw his guilty plea simply presented a matter of witness credibility, which the trial court was authorized to resolve against him. See *Manues v. State*, 232 Ga. App. 454, 455 (501 SE2d 826) (1998).

2. Voils claims that the trial court erred in finding that his plea was knowing, voluntary, and intelligent. He argues that he was never advised of the elements of the crime or the mandatory minimum sentence. See Uniform Superior Court Rule 33.8 (A), (C) (4). The record, however, does not support this contention.

While the requirements of USCR 33 are mandatory, the court need not specifically address each issue found in USCR 33.8. *Raley v. State*, 241 Ga. App. 713, 714 (1) (527 SE2d 590) (2000). After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion. *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996). See also USCR 33.12 (A).

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Punctuation and footnotes omitted.) *Smith v. State*, 249 Ga. App. 666 (549 SE2d 487) (2001).

In this case, the State met its burden by showing from the record that Voils was cognizant of the rights he was waiving and of the possible consequences of his plea. The record contains a transcript of the plea hearing and a sworn statement signed by Voils. The transcript and the sworn statement reveal that Voils informed the trial court that he was not under the influence of any alcohol or drugs, that

he knew the offenses he was charged with, that he understood the maximum penalties for the offenses, that he understood that the State had made no recommendation of sentence, that he understood all the various jury trial rights he would waive by pleading guilty, that no one had influenced his guilty plea by making threats or promises to him, that his plea was voluntary, that he had adequate time to consult with his lawyer, that he was satisfied with his lawyer's service, and that he is in fact guilty of the crimes charged.

At the hearing on the motion to withdraw his guilty plea Voils testified that his attorney did not adequately review the forms with him, but had instead told him "not to make any waves, just to follow his lead, and watch when he nodded his head and I said yes when he nodded his head."

To the extent that his testimony at the hearing on his motion to withdraw contradicted his testimony at the plea hearing, credibility issues arose, which only the trial court could resolve. *McCloud v. State*, 240 Ga. App. 335, 336 (2) (525 SE2d 701) (1999). Because the record here plainly establishes that Voils was apprised of his relevant constitutional rights and Voils' guilty plea was made voluntarily and intelligently, the trial court did not abuse its discretion in refusing to set aside the plea.

3. Voils contends that the trial court erred in denying his motion for an evidentiary hearing on his post-trial ineffective assistance of counsel claim. We do not agree.

The evidence demonstrates that at the time of the trial on September 11, 2000, Voils was represented by retained counsel. He dismissed retained counsel and was appointed counsel; Voils then filed a motion to withdraw his guilty plea on November 13, 2000. On May 30, 2002, Voils' counsel filed a request to withdraw as counsel, which was granted. Voils once again requested appointed counsel, which the court granted on June 14, 2002. On August 16, 2002, Voils pro se filed a motion for an evidentiary hearing on post-trial counsel's ineffective assistance of counsel, which was denied. At the time of this filing Voils was represented by appointed counsel.

> As a consequence of [Voils'] representation by counsel, his pro se motion[ ] [is] void. In Georgia, a criminal defendant no longer has the right to represent himself and also be represented by an attorney. As [Voils] was represented by counsel when he filed the pro se motion[ ], [this] motion[ ] [was] of no legal effect whatsoever.

(Punctuation and footnote omitted.) *Pless v. State*, 255 Ga. App. 95, 96 (564 SE2d 508) (2002).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 16, 2004 —
RECONSIDERATION DENIED APRIL 2, 2004 — 

Donald S. Voils, *pro se.*
Herbert E. Franklin, Jr., District Attorney, John L. O'Dell, Assistant District Attorney, for appellee.