## A07A1905. WILLIAMS v. THE STATE.

(652 SE2d 637)

JOHNSON, Presiding Judge.

A grand jury indicted Temarris Williams on charges of armed robbery, kidnapping and possession of a firearm by a convicted felon. At the conclusion of the victim's testimony at trial, Williams requested that the trial court accept a negotiated guilty plea to the charges in the indictment. The trial judge, as a matter of policy, stated that he was unwilling to accept a negotiated guilty plea after the start of the jury trial. After the second witness was sworn in, Williams indicated, at a side bar, that he wished to enter an open-ended plea to the charges. The judge stated that he would consider the request after the witness testified. After the state rested its case, Williams indicated that he had no witnesses to present and reiterated his desire to enter an open-ended guilty plea. Stating his preference to proceed with the trial, the trial judge nevertheless indicated it would consider accepting the guilty plea after the lunch break. After an exhaustive inquiry into the voluntariness of the guilty plea, the trial court accepted the guilty plea and sentenced Williams. Williams now appeals, alleging the trial court errantly informed him that the penalty for possession of a firearm by a convicted felon was a period of one to five years, when in this instance the penalty was a mandatory five years since Williams had previously been convicted of a forcible felony. We find no reversible error and affirm the trial court's denial of Williams' motion to withdraw his guilty plea.

---

After sentence is pronounced, withdrawal of a guilty plea is permitted only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion.[1] Here, even if Williams is correct in his assertion that the mandatory sentence for his crime of possession of a firearm by a convicted felon is five years, which the state disputes based on the allegations in the indictment, Williams' claim of error provides no basis for withdrawal of his guilty plea.

A proven violation of Uniform Superior Court Rule 33 must be tested for harm to prevent a manifest injustice.[2] In the present case, the alleged error had no effect on Williams' sentence. Williams was told by the trial judge that the maximum sentence for possession of a firearm by a convicted felon would be five years, and he was sentenced to five years, to run concurrently with his twenty-year sentence for armed robbery and his ten-year sentence for kidnapping. Whether the penalty was actually a mandatory five years in this case "clearly falls outside the contours of any concept of manifest injustice."[3] Since withdrawal of the guilty plea is not necessary to correct a manifest injustice, we uphold the trial court's order denying Williams' motion to withdraw his guilty plea.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 9, 2007.

*Richard E. Braun, Jr.*, for appellant.
*Tom Durden, District Attorney, Jon Hope, Assistant District Attorney*, for appellee.

[1] See *Voils v. State*, 266 Ga. App. 738, 741 (2) (598 SE2d 33) (2004).
[2] *Roper v. State*, 246 Ga. App. 553, 554-555 (1) (541 SE2d 130) (2000).
[3] *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).