## A08A1216. RANSOM v. THE STATE.
(667 SE2d 686)

JOHNSON, Presiding Judge.

Willie Ransom was indicted for aggravated stalking, family violence battery, and two counts of cruelty to children. Following the testimony of two key witnesses at trial, Ransom pled guilty to all charges. Several weeks after his plea and sentencing, Ransom moved to withdraw the plea, asserting that it was not freely and voluntarily entered. The trial court denied the motion, and Ransom appeals. Finding no error, we affirm.

---

When a defendant challenges the validity of his guilty plea, the state bears the burden of demonstrating that the plea was voluntarily and intelligently entered.[1] It may do so "by either (1) showing on the record of the plea hearing that the defendant understood the rights he was waiving and the consequences of his plea, or (2) filling a silent record with extrinsic evidence that affirmatively shows the plea was knowing, intelligent, and voluntary."[2] In resolving a post-sentencing motion to withdraw a guilty plea, the trial court acts as factfinder and exercises its sound discretion.[3] Its ruling on the matter will not be reversed absent a manifest abuse of that discretion.[4]

We find no abuse here. The record shows that after several witnesses testified at trial, Ransom asked his attorney about the possibility of entering a guilty plea. Defense counsel discussed a potential plea with the state, and the prosecutor offered a plea deal involving "ten years to serve eight followed by thirty-six months." Counsel conveyed the state's offer to Ransom and his family. According to defense counsel, the discussion was emotional, as Ransom "was preparing to enter his plea of guilty for some time in prison."

In conjunction with the plea, Ransom signed a "Plea Proceeding Record," which listed the various rights he was waiving by pleading guilty. The document also contained several acknowledgments, including that Ransom had entered the plea freely and voluntarily, that no one had influenced his decision through promises or threats, and that the plea had a factual basis. During the plea proceeding, the prosecutor questioned Ransom, who confirmed that he had signed the document, understood the rights he was waiving, and had no questions about those rights.

Ransom also testified that he was not under the influence of drugs or alcohol; had discussed the case with his attorney; understood his options; and knew that he could proceed with the trial, during which he would be presumed innocent and could not be forced to incriminate himself. In addition, he was aware that if the trial continued, the state would be required to prove him guilty beyond a reasonable doubt, and he would have the opportunity to cross-examine the state's witnesses and call his own. The prosecutor explained the charges in the indictment, noted the applicable sentencing ranges, stated that Ransom could be sentenced to a maxi-

---

[1] *Weeks v. State*, 260 Ga. App. 129 (578 SE2d 910) (2003).
[2] (Citation and footnote omitted.) Id. at 129-130.
[3] *Jones v. State*, 268 Ga. App. 723, 724 (1) (603 SE2d 73) (2004).
[4] Id.

mum of "ten years plus thirty-six months in jail," and outlined the substantive facts supporting the charges.

Ultimately, Ransom testified that he desired to plead guilty to the charges, had not been coerced or threatened into making the decision, and that he freely and voluntarily decided to enter the plea. Without any objection from Ransom, the trial court accepted the parties' recommendation, sentencing him to eight years confinement plus two years probation on the stalking count, followed by thirty-six months of probation for the remaining offenses.

Ransom challenges his plea on two fronts. First, he testified at the hearing on his motion to withdraw that he thought the plea agreement involved a reduced charge and no time in prison. Essentially, he claims that he was highly emotional at the time he pled guilty and misunderstood the agreement. His trial counsel, however, provided contrary evidence at the motion hearing. According to counsel, she never told Ransom that the state would accept a probation-only plea to a reduced charge, he understood that the plea involved prison time, and "he knew what he was doing" in pleading guilty. Given the evidentiary conflict, as well as the discussion of the negotiated plea agreement during the plea colloquy, the trial court was authorized to resolve this factual issue against Ransom and find that he understood the agreement.[5]

Ransom also suggests that the trial court — rather than the prosecutor — should have conducted the plea colloquy and personally questioned him about his waiver of rights. But "[t]he fact that . . . the guilty plea inquiries were addressed to the defendant by the district attorney instead of the trial court is not a ground for reversal."[6] Based on the entire record, the trial court was authorized to find that Ransom understood the charges against him, knew the possible sentence, and was aware of the rights he was waiving, as well as the consequences of his plea. Accordingly, it properly concluded that Ransom knowingly, voluntarily, and intelligently pled guilty.[7]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

---

[5] See *Weeks*, supra at 131 (1); see also *Voils v. State*, 266 Ga. App. 738, 742 (2) (598 SE2d 33) (2004) ("To the extent that [the defendant's] testimony at the hearing on his motion to withdraw contradicted his testimony at the plea hearing, credibility issues arose, which only the trial court could resolve.") (citation omitted).

[6] *State v. Germany*, 245 Ga. 326, 328-329 (265 SE2d 13) (1980); see also *Freeman v. State*, 211 Ga. App. 716, 717 (1) (440 SE2d 490) (1994).

[7] *Jones*, supra at 724-725 (1); *Weeks*, supra at 130-131 (1); *Stephens v. State*, 235 Ga. App. 756 (510 SE2d 575) (1998).

DECIDED SEPTEMBER 23, 2008.

*John D. Rasnick, Susan E. Teaster*, for appellant.
*Peter J. Skandalakis, District Attorney, Melissa L. Himes, Assistant District Attorney*, for appellee.