## A09A0318. BLACKMON v. THE STATE.

(676 SE2d 413)

JOHNSON, Presiding Judge.

Dewey Blackmon pled guilty to one count of robbery in April 2008. Later that month, he moved to withdraw his plea, alleging that he did not enter it knowingly and voluntarily. The trial court denied Blackmon's motion, and this appeal followed. We affirm.

1. When a defendant challenges the validity of his guilty plea, the state must demonstrate that he intelligently and voluntarily entered the plea.[1] It "may do so by either (1) showing on the record of the plea hearing that the defendant understood the rights he was waiving and the consequences of his plea, or (2) filling a silent record with extrinsic evidence that affirmatively shows the plea was knowing, intelligent, and voluntary."[2] Acting as the factfinder, the trial court exercises its discretion in resolving a motion to withdraw a guilty plea, and we will not disturb its ruling absent a manifest abuse of that discretion.[3]

The record shows that before entering his plea, Blackmon signed a written Plea Proceeding Record, which listed the various rights he was waiving by pleading guilty. He indicated on the form that he understood the nature of the robbery charge, was entering the plea knowingly and voluntarily, had not been influenced by any promise or threat, and had been informed of the possible punishment range.

Blackmon then made similar representations at the plea hearing. The prosecutor informed him of the charge, the penalty range, and the rights he was waiving. Blackmon acknowledged this information, indicated that he understood his rights, and stated that he wished to plead guilty. He also testified that he was satisfied with his attorney, was not under the influence of drugs or alcohol, and had not been induced to plead guilty.

At that point, the prosecutor presented the facts underlying the robbery charge. According to the prosecutor, Blackmon stole several cartons of cigarettes from a grocery store clerk after handing her a note in which he threatened to kill her. Blackmon admitted to the trial court that he stole the cigarettes, and he again acknowledged that he was waiving various rights by pleading guilty. The trial court accepted Blackmon's plea after concluding that it had a factual basis and was entered knowingly and voluntarily.

A few weeks later, Blackmon moved to withdraw the plea. The trial court held a hearing, and Blackmon asserted that he did not

[1] *Ransom v. State*, 293 Ga. App. 651, 652 (667 SE2d 686) (2008).
[2] (Citation and punctuation omitted.) Id.
[3] Id.

have sufficient time to review the state's discovery and met with counsel only once before pleading guilty. He also claimed innocence, testifying that he "actually purchased the cigarettes."

The trial court denied Blackmon's motion to withdraw, again concluding that he knowingly and voluntarily entered the plea. We find no error. Although Blackmon claimed at the withdrawal hearing that he lacked sufficient time to make his plea decision, he raised no such concern at the plea hearing, and he received the state's discovery material several days before the plea. Blackmon's other allegations — including his claimed innocence and complaints about counsel — similarly contradicted his plea hearing testimony.

Any discrepancies between Blackmon's testimony at the withdrawal hearing and the plea hearing presented credibility issues for the trial court to resolve.[4] And given the record of the plea proceeding, it did not abuse its discretion in finding that Blackmon understood his rights and knew the consequences of his plea. Accordingly, the trial court properly denied the motion to withdraw.[5]

2. Citing plea counsel's alleged failure to prepare him, Blackmon also argues that he received ineffective assistance of counsel during the plea proceeding. Blackmon, however, did not raise an ineffective assistance claim below. He filed no written motion asserting that counsel was constitutionally inadequate. Although he complained at the withdrawal hearing that he met with plea counsel only once, he did not claim ineffective assistance or offer any argument in that regard. As a result, the trial court never addressed the sufficiency of counsel's representation.

"A claim of ineffective assistance of counsel must be raised in the trial court at the earliest practicable moment, and the failure to raise the issue constitutes a waiver."[6] We recognize that Blackmon's plea counsel filed the original motion to withdraw. But Blackmon eventually obtained new counsel, who filed a motion below and represented him at the withdrawal hearing. Blackmon could have asserted an ineffective assistance claim in the trial court, but he did not do so, and he never requested a ruling on any ineffective assistance allegation. Accordingly, he cannot now raise this claim on appeal.[7]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 26, 2009.

---

[4] *Voils v. State*, 266 Ga. App. 738, 742 (2) (598 SE2d 33) (2004).

[5] See *Ransom*, supra at 653; *Voils*, supra at 741-742 (2).

[6] *Sheffield v. State*, 270 Ga. App. 576, 578 (2) (607 SE2d 205) (2004).

[7] Id.; see also *Rowe v. State*, 246 Ga. App. 855, 856 (542 SE2d 578) (2000).

*John D. Rasnick*, for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.