A09A1893. JACKSON v. THE STATE.

(683 SE2d 623)

JOHNSON, Presiding Judge.

On February 22, 2008, Kevin Lee Jackson entered a negotiated guilty plea to charges of aggravated assault and driving under the influence of alcohol/drugs. The trial court sentenced Jackson to two years on probation. Jackson subsequently moved to withdraw his guilty plea, claiming his plea was not voluntarily, knowingly, or intelligently entered because he thought the *Alford*[1] doctrine gave him thirty days "to find my evidence and do what I had to do to prove my innocence." The trial court denied Jackson's motion. We find no error.

After sentence is pronounced, the decision whether to allow the withdrawal of a guilty plea lies within the sound discretion of the trial court, and this Court will not reverse the trial court's decision

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970) (an individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime).

absent a manifest abuse of that discretion.[2] When the validity of a guilty plea is challenged,

> the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.[3]

The trial court is the final arbiter of all factual issues raised by the evidence.[4]

A review of the plea transcript shows compliance with the procedures required under Uniform Superior Court Rule 33 in order to establish that a guilty plea was knowing, intelligent, and voluntary. In fact, Jackson's sole argument with respect to his guilty plea is that he believed he had "recourse" if he gathered evidence of his innocence. The record shows that the court thoroughly questioned Jackson, and then questioned Jackson's attorney to determine whether the attorney had explained to Jackson all of his statutory and constitutional rights. The attorney stated that she had done so and that she was fully satisfied that Jackson understood his rights, the nature of the charges against him, and the consequences of his plea. The attorney also stated that Jackson would freely and voluntarily tender his guilty plea and that she did not know of any reason why Jackson should not enter the guilty plea or why the court should not accept such a plea.

The court then questioned Jackson again. Jackson noted that he believed his lawyer had competently done all that anyone could do to counsel and assist him, that he was satisfied with his counsel's advice and guidance, and that he was offering his plea freely and voluntarily.

Before the court accepted Jackson's guilty plea, Jackson inquired into the "recourse" he could take if he managed to gather evidence that would prove his innocence. This prompted the court to discuss the matter with defense counsel and counsel for the state. Jackson's counsel stated:

> My client is familiar with *Alford* and I did discuss with him that he should not take the plea if — with the false hope

---

[2] See *Jones v. State*, 268 Ga. App. 723, 724 (1) (603 SE2d 73) (2004).

[3] (Citations and punctuation omitted.) Id.

[4] Id.

that he can come back, given the facts once he pleads guilty, and his responses to the Court's questions says that he understands that he's taking this plea voluntarily and that he received the benefit of counsel.

So he understands that, and I told him that probably the likelihood of the case being reversed on the grounds which he stated to the Court would not succeed.

The court asked Jackson if he understood his counsel's comments, and Jackson responded, "Yes, ma'am." The court then asked Jackson if he had any further questions about his case or his plea, and Jackson responded, "No, ma'am." Jackson then entered his guilty plea under the *Alford* doctrine, affirming that he was pleading guilty because at trial the evidence against him might be strong.

These facts show Jackson's plea was voluntarily, knowingly, and intelligently entered, and the trial court did not abuse its discretion in accepting it.[5] Given the evidentiary conflict between Jackson's purported belief about the *Alford* plea raised during his motion to withdraw the plea, his counsel's statements during the plea hearing that she had discussed the *Alford* plea with Jackson and that he understood the consequences of the plea, and Jackson's statements during the plea hearing indicating that he understood the consequences of his plea, the trial court was authorized to resolve this factual issue against Jackson and find that Jackson sufficiently understood the *Alford* doctrine and the ramifications of his negotiated plea.[6]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 7, 2009.

*James W. Bradley*, for appellant.
*Tracy G. Lawson, District Attorney, Melissa D. Redmon, Robert C. Watts, Assistant District Attorneys*, for appellee.

[5] See *Brower v. State*, 230 Ga. App. 125, 126 (1) (495 SE2d 600) (1998).
[6] See *Ransom v. State*, 293 Ga. App. 651, 653 (667 SE2d 686) (2008).