## A11A0831. SMITH v. THE STATE.
(716 SE2d 549)

SMITH, Presiding Judge.

Christopher Smith was charged with armed robbery and possession of a firearm during the commission of a crime. Pursuant to a negotiated plea agreement, Smith pled guilty to robbery by intimidation and was sentenced as a first offender to 15 years with the first 10 years to be served in confinement.[1] Three weeks later, Smith moved to withdraw his guilty plea on the ground that he did not understand the terms of the plea agreement or the consequences of his plea. The trial court denied Smith's motion, and he now appeals. We affirm.

When a defendant challenges the validity of his guilty plea, the

---

[1] The charge of possession of a firearm during the commission of a crime was nolle prossed.

State must demonstrate that the defendant intelligently and voluntarily entered the plea. *Rocha v. State*, 287 Ga. App. 446, 448-449 (2) (651 SE2d 781) (2007).

> It may do so by either (1) showing on the record of the plea hearing that the defendant understood the rights he was waiving and the consequences of his plea, or (2) filling a silent record with extrinsic evidence that affirmatively shows the plea was knowing, intelligent, and voluntary. Acting as the factfinder, the trial court exercises its discretion in resolving a motion to withdraw a guilty plea, and we will not disturb its ruling absent a manifest abuse of that discretion.

(Citation, punctuation and footnotes omitted.) *Blackmon v. State*, 297 Ga. App. 99 (1) (676 SE2d 413) (2009).

Smith asserts that he believed his sentence under the First Offender Act required only probation and that he would not serve time in prison. If he had "correctly perceived the situation," he claims he would not have pled guilty. He contends that his trial counsel informed him prior to the plea that he would not be eligible for first offender treatment, and that when he received his sentence under the First Offender Act, "he thought he was getting probation . . . rather than confinement."

The record reveals that before entering the plea, Smith signed a "Petition to Enter Guilty Plea" listing the rights he was waiving by pleading guilty. He also signed a "Memorandum of Plea Agreement" which provided that his sentence would be "20 years with the first 10 years in confinement."[2] At the hearing on the plea, the State announced at the beginning of the hearing that the negotiated plea "would be a sentence of 20 years to serve 10 in confinement, the balance on probation." And the trial court engaged in the standard colloquy concerning whether Smith understood the consequences of the guilty plea.

When the court asked Smith if he had had enough time to go over the plea petition and the facts and circumstances of the case with his counsel, Smith responded that he had. Smith answered affirmatively when asked if he heard the details of the plea bargain as outlined at the beginning of the hearing and if he understood his sentence under the First Offender Act would be 20 years with the first 10 to be served in confinement. Smith indicated that he understood his rights and that he was entering the plea freely and

---

[2] The trial court later corrected Smith's sentence to reflect the offer by the State of 15 years with 10 years to be served in confinement.

voluntarily and had not been influenced by any force, threats, intimidation or promises.

At the hearing on Smith's motion to withdraw the plea, Smith testified that he misunderstood the plea, that he "wasn't even really paying attention," and that he thought he was "going to go home on probation" as a first offender. He stated further that he understood "most" of what the trial court asked him during the plea hearing. On cross-examination, Smith acknowledged that he remembered the prosecutor announcing that the negotiated sentence would be 20 years with 10 to serve in confinement and remembered being asked if he understood the rights he was waiving by entering the plea, but explained that "it was just like so many big words." Smith stated that he did not remember being asked if he made the plea freely and voluntarily, but did remember the court explaining to him the sentence based upon the plea bargain.

Smith's trial counsel testified that she had several conversations with Smith about the State's plea offer. She stated that prior to the plea, Smith believed that if he received first offender treatment, "that would mean he would just get out of jail. And we had a conversation about that where I explained that that was not what first offender meant; that that was not going to be available to him." Trial counsel explained that when she was told that Smith could in fact be sentenced as a first offender, she explained to him "the difference between first offender probation and regular probation. But there were no specifics discussed — nothing about confinement ever came up." She did not recall whether she clarified for Smith that first offender treatment could still include confinement or whether Smith was still operating under the mistaken belief that first offender treatment meant he would receive only a sentence of probation.

On cross-examination, however, trial counsel stated that the State's plea offer never varied from ten years to serve in confinement and that she impressed that upon Smith on more than one occasion. She explained that she tried to correct Smith's misunderstanding of first offender treatment and that she had multiple conversations with Smith concerning possible parole following the confinement portion of the sentence. Counsel stated further that she discussed with Smith the "Memorandum of Plea Agreement" providing for ten years of confinement, and that Smith signed the agreement in her presence.

Under the record presented here, the trial court was authorized to find that Smith understood the plea agreement. See *Ransom v. State*, 293 Ga. App. 651, 653 (667 SE2d 686) (2008) (trial court authorized to resolve factual issue against defendant who thought plea agreement involved no confinement). Any discrepancies be-

tween Smith's testimony at the hearing on the motion to withdraw and the plea hearing presented credibility issues for the trial court to resolve. See id.; *Blackmon*, supra, 297 Ga. App. at 100 (1). The trial court therefore did not abuse its discretion in denying Smith's motion to withdraw his plea.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED AUGUST 24, 2011.

*Thomas J. Killeen, Ryan J. Swingle*, for appellant.
*Kenneth W. Mauldin, District Attorney, Kristopher M. Bolden, Assistant District Attorney*, for appellee.