S13A0969. CAREY v. THE STATE.
(748 SE2d 891)

HUNSTEIN, Justice.

Appellant Valerie Carey pled guilty, under a negotiated plea agreement, to all counts in a 13-count Fulton County indictment charging Carey and her husband with malice murder and other crimes in connection with the death of their daughter.[1] In pleading guilty, Carey avoided a possible death sentence and was sentenced to life imprisonment with the possibility of parole for murder, plus concurrent terms of imprisonment for the other offenses that did not merge. Carey subsequently sought and was granted the right to file an out-of-time appeal, and she now claims that her plea was invalid because it was not entered knowingly, intelligently, and voluntarily. Because the record on its face does not support Carey's challenge to her guilty plea, we affirm.

A direct appeal from a judgment entered on a guilty plea will lie only to address issues that may be resolved by facts appearing on the face of the record. *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). The transcript of the guilty plea hearing reflects Carey's admission that, in the early morning hours of January 19, 2004, Carey and her

---

[1] Specifically, the indictment charged Carey with one count of malice murder, two counts of felony murder, three counts of aggravated assault, two counts of aggravated battery, three counts of first degree child cruelty, and two counts of second degree child cruelty.

husband killed their eight-year-old daughter Quimani by strangulation, stabbing, and other means in front of their other two minor children, then stripped themselves and the two other children of all clothing, exited their hotel room, and began traversing downtown Atlanta in subfreezing temperatures. After the prosecutor's recitation of these facts, as well as the trial court's enumeration of the counts in the indictment, Carey affirmed that she understood the nature of the charges against her. The transcript also reflects that Carey was advised of her rights in accordance with Uniform Superior Court Rule 33.8, including her rights under *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969); Carey affirmed that she understood these rights and was waiving them by pleading guilty. Carey's experienced death penalty counsel stated in their place that they were satisfied as to Carey's competence, that they had explored a mental health defense, and that they believed Carey understood the full nature of the plea. Upon inquiry by the trial court, Carey affirmed that she had discussed the plea with her counsel, was making the decision to plead guilty of her own volition, and had not been induced or coerced into pleading guilty with promises or threats. The trial court expressly found a sufficient factual basis for the charges and that Carey's plea was "knowingly, voluntarily, and intelligently entered."

Accordingly, the record on its face demonstrates that Carey did in fact enter her plea knowingly, voluntarily, and intelligently. See *Motley v. State*, 273 Ga. 732 (546 SE2d 468) (2001) (affirming judgment entered on guilty plea where plea hearing transcript demonstrated that appellant was cognizant of the rights he was waiving and the consequences of his plea). To the extent Carey now claims that the record affirmatively indicates that her documented mental illness prevented her from entering a valid plea, we reject this argument. See *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995) (rejecting direct challenge to guilty plea, finding that record evidence of defendant's mental illness did not conclusively establish incompetency and therefore that proving such a claim would require evidence outside the record). To the extent Carey claims that she was not fully apprised of the nature or elements of the charges she faced, this claim is belied by the hearing transcript, as summarized above. And, to the extent Carey contends specifically that she did not understand the concept of criminal intent and the distinction between malice murder and causing the death of another, we cannot entertain this claim here because it would require the consideration of evidence not appearing in the record. See *Caine v. State*, 266 Ga. at 422 (dismissing direct appeal of guilty plea where claims regarding involuntariness of plea could not be resolved by facts appearing in the existing record).

For these reasons, Carey's challenge to her guilty plea fails, and we affirm the judgment of conviction.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Kenneth D. Kondritzer*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.