**FIFTH DIVISION**
**DILLARD, C. J.,**
**REESE and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 12, 2018**

# In the Court of Appeals of Georgia

A16A0588. HAYES v. THE STATE.

DILLARD, Chief Judge.

Following a guilty plea to charges of burglary, possession of tools for the commission of a crime, and misdemeanor obstruction of a law enforcement officer, Marion Hayes appealed to this Court (proceeding *pro se*), contending that (1) the trial court improperly participated in the guilty-plea proceedings, (2) the plea was not entered into voluntarily, and (3) his decision to proceed *pro se* was invalid. And in *Hayes v. State*,[1] we held that the trial court improperly participated in the guilty-plea proceedings, reversing Hayes's convictions without considering his additional enumerations of error.[2] But the Supreme Court of Georgia reversed our decision in

---

[1] 337 Ga. App. 280 (786 SE2d 539) (2016)

[2] *See* 337 Ga. App. at 283.

*State v. Hayes*,[3] and remanded for this Court to consider Hayes's two remaining enumerations of error. Having done so, we vacate our earlier opinion, adopt as our own the opinion and judgment of the Supreme Court of Georgia as to Hayes's first enumeration of error, and affirm his convictions.

The record reflects that Hayes entered into an *Alford*[4] plea and was sentenced by the trial court to 20 years to serve 7 years with the balance on probation on count 1 (burglary); five years on count 3 (possession of tools for the commission of a crime), to run concurrent with count 1; and 12 months on count 4 (misdemeanor obstruction of a law enforcement officer), also to run concurrent with count 1. Almost four years later, the trial court granted Hayes's *pro se* motion for an out-of-time appeal to his convictions and the accompanying sentence after the State filed no response. This appeal follows.

A timely filed direct appeal from a judgment entered on a guilty plea is "a prescribed means by which a defendant may challenge a guilty plea [when] the

_____

[3] 301 Ga. 342 (801 SE2d 50) (2017).

[4] *See North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160, 27 LE2d 162) (1970).

question on appeal is one which may be resolved by facts appearing in the record[.]"[5]

And on direct review, the State has the burden "to show that the plea was intelligently and voluntarily entered," which it may do "by showing on the record of the guilty plea hearing that the defendant was aware of the rights being waived and the consequences of the plea."[6] With these guiding principles in mind, we will now

---

[5] *Caine v. State*, 266 Ga. 421, 421 (467 SE2d 570) (1996) (punctuation omitted); *accord Carey v. State*, 293 Ga. 624, 624 (748 SE2d 891) (2013). Once again, Hayes filed a motion for an out-of-time appeal, which the trial court granted after the State failed to respond to the motion. Generally, an out-of-time appeal is granted in Georgia when "a defendant has the right to file a direct appeal, but is denied that right due to ineffective assistance of counsel." *Smith v. State*, 269 Ga. 21, 21 (494 SE2d 668) (1998).While Hayes's appeal contains no argument with regard to any alleged ineffective assistance of counsel causing his failure to file a timely appeal (although he made such an argument in his motion for out-of-time appeal), the State has not contested that Hayes is entitled to an out-of-time appeal.

[6] *Hicks v. State*, 281 Ga. 836, 837 (642 SE2d 31) (2007) (punctuation omitted); *accord King v. State*, 270 Ga. 367, 369 (1) (509 SE2d 32) (1998). In stark contrast to the merits brief it filed with the Supreme Court of Georgia, the State's brief to this Court contains almost no citations to authority or argument applying the controlling law to the relevant facts. Suffice it to say, this fails to comply with our rules. *See* COURT OF APPEALS RULE 25 (b) (2) ("Part Two shall contain appellee's argument and the citation of authorities as to each enumeration of error. It shall also include the standard of review if different from that contended by the appellant."). In cases that present issues of sufficient gravity to warrant review by the Supreme Court of Georgia (like this one), it is not unreasonable for this Court to expect the State to prepare its briefs to this Court with the same care and attention, or something approaching the same degree of care and attention, as it applies to the briefs filed with our Supreme Court.

3

address Hayes's contentions that (1) his plea was not entered voluntarily, and (2) his decision to proceed *pro se* was invalid.

1. Hayes argues that his plea was not entered into voluntarily because it was not made knowingly. In doing so, he repeats and relies upon many of the contentions made in his argument that the trial court improperly participated in the plea proceedings. But that argument, as discussed *supra*, was rejected by our Supreme Court. Nevertheless, even looking beyond this argument to the remainder of the record before us, we disagree that Hayes entered into the guilty plea unknowingly or involuntarily.

It is well established that to "properly form the basis for a judgment of conviction, a guilty plea must be 'voluntary, knowing, and intelligent.'"[7] And as the Supreme Court of the United States explained in *Boykin v. Alabama*,[8] a defendant who enters into a guilty plea must be advised of three federal constitutional rights: "the privilege against compulsory self-incrimination, the right to trial by jury, and the

---

[7] *Raheem v. State*, 333 Ga. App. 821, 824 (1) (777 SE2d 496) (2015) (punctuation omitted); *accord Lejeune v. McLaughlin,* 296 Ga. 291, 291 (1) (766 SE2d 803) (2014); *see also Hicks v. State*, 281 Ga. 836, 837 (642 SE2d 31) (2007) ("With a few limited exceptions, a plea of guilty generally waives all defenses except that based on the knowing and voluntary nature of the plea." (punctuation omitted)).

[8] 395 U.S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

4

right to confront one's accusers."[9] Thus, when a criminal defendant challenges the validity of his guilty plea, the State "must demonstrate that the defendant intelligently and voluntarily entered the plea,"[10] which the State may do by "showing on the record of the plea hearing that the defendant understood the rights he was waiving and the consequences of his plea[.]"[11]

Here, the record reveals that prior to the trial court's acceptance of Hayes's plea, there was an extensive and thorough colloquy with Hayes, in which the court discussed with him, *inter alia*, his competency to enter into a guilty plea; his understanding of the charges; his review of the guilty-plea form with the assistance of counsel; his discussion of the underlying facts and potential defenses with counsel; his satisfaction with counsel's representation; his understanding of the potential sentence as to each charge, including the minimum and maximum sentence; his understanding that the trial court was not bound to accept the State's

---

[9] *Raheem*, 333 Ga. App. at 824 (1) (punctuation omitted); *Foster v. State*, 319 Ga. App. 815, 816 (2) (738 SE2d 651) (2013); *Childs v. State*, 311 Ga. App. 891, 891 (1) (717 SE2d 509) (2011); *see also Boykin*, 395 U.S. at 243.

[10] *Smith v. State*, 311 Ga. App. 483, 484 (716 SE2d 549) (2011); *accord Rocha v. State*, 287 Ga. App. 446, 448-49 (2) (651 SE2d 781) (2007).

[11] *Smith*, 311 Ga. App. at 484 (punctuation omitted); *accord Blackmon v. State*, 297 Ga. App. 99, 99 (1) (676 SE2d 413) (2009).

recommendation; his understanding of the rights waived by entering into a guilty plea, including each of the three *Boykin* rights; and his understanding of the collateral consequences of pleading guilty. The State then provided a detailed recitation of the factual basis for the guilty plea before offering its sentencing recommendation.

The record, then, establishes that Hayes understood the nature of the charges against him, the rights he was waiving, and the consequences of the plea. As a result, Hayes's plea was entered into knowingly and voluntarily, and this enumeration of error is without merit.[12]

2. In his final enumeration, Hayes argues that he was presented with the choice of proceeding with counsel he no longer wished to retain or proceeding *pro se*, thus rendering his decision to proceed *pro se* invalid. He also maintains that his decision to proceed *pro se* was invalid because no waiver of counsel appears in the record. But as the State rightly points out, this enumeration of error is a nonstarter because Hayes entered into his guilty plea with the assistance of counsel and was not acting *pro se*.

---

[12] *See Belcher v. State*, 304 Ga. App. 645, 648 (1) (b) (i) (697 SE2d 300) (2010); *see also McDaniel v. State*, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999) ("Making a knowing and voluntary plea requires an understanding of the nature of the charge, the rights being waived, and the consequences of the plea.").

Indeed, as discussed *supra*, the record reflects that, prior to accepting Hayes's plea, the trial court inquired as to his examination of the guilty-plea form with the assistance of counsel; his discussion of the underlying facts and potential defenses with counsel; and his satisfaction with counsel's representation. Furthermore, at a few points during the guilty-plea hearing, Hayes conferred with his attorney, Hayes's attorney interjected questions when the trial court made inquiry into Hayes's competency to enter into a guilty plea, and Hayes answered in the affirmative when asked if his attorney was standing next to him. Accordingly, there is no merit to Hayes's contention that his decision to proceed *pro se* was invalid because he was represented by an attorney during his guilty-plea hearing.

For all these reasons, we affirm Hayes's convictions.

*Judgment affirmed. Reese and Bethel, JJ., concur.*