A05A0460. TERRELL v. THE STATE.
(612 SE2d 32)

MILLER, Judge.

After pleading guilty to a number of charges arising from a sexual assault, Calvin Leon Terrell filed a series of motions to withdraw his plea, all of which were denied. He appeals from the last of these denials on the ground that his counsel was ineffective. We find no error and affirm.

The indictment's first two counts alleged that Terrell committed aggravated sodomy and aggravated sexual battery when he forcibly penetrated another man's anus with his penis and finger. Counts 3 and 4 charged Terrell with giving false information to police. On March 12, 2002, in the presence of retained counsel, Terrell pled guilty to the lesser included offenses of attempted aggravated sodomy and attempted aggravated sexual battery as to the first two counts, and to Counts 3 and 4 as charged. He was sentenced to ten years on the first two counts and twelve months on the third and fourth counts, all to be served concurrently. On March 28, he filed a pro se motion to withdraw his plea, which was denied on the ground that the plea had been entered freely and voluntarily. Terrell did not appeal this decision, but filed second and third motions concerning his sentence instead, both of which were likewise denied. On appeal, Terrell argues that the court erred in denying his fourth and latest motion, a so-called "Extraordinary Motion for New Trial and Out-of-Time Appeal," because, among other things, he did not receive the effective assistance of counsel before entering his guilty plea and because new evidence in the case has come to light.

1. The proper means by which to withdraw a guilty plea is a motion to withdraw, not a motion for new trial. *Barber v. State*, 231 Ga. App. 176 (1) (498 SE2d 758) (1998). Here, Terrell filed a timely motion to withdraw his plea, but did not raise the grounds of ineffective assistance or new evidence in that motion. He has thus waived his right to have these grounds considered on appeal. *Voils v. State*, 266 Ga. App. 738, 739 (1) (a) (598 SE2d 33) (2004).

2. An out-of-time appeal is available only if the issue on appeal is capable of resolution by reference to facts on the record. *Johnson v. State*, 275 Ga. 390, 391 (1) (565 SE2d 805) (2002). Since Terrell's claims rely on events, statements, and omissions occurring outside the hearing, and are thus not reflected in the record or plea transcript, he is not entitled to an out-of-time appeal, and must pursue habeas corpus as his only remaining remedy. Id.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 3, 2005 —
RECONSIDERATION DENIED MARCH 21, 2005 — 

Calvin L. Terrell, *pro se.*

*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.