## S08A1332. HENDRIX v. THE STATE.
(667 SE2d 597)

SEARS, Chief Justice.

The appellant, David Hendrix, appeals from his convictions for murder and other crimes stemming from the deaths of Algernon Nash and Rodney Rozier.[1] On appeal, Hendrix contends, among other things, that his trial counsel provided ineffective assistance and that the trial court erred in denying his motion to sever his case from that of his co-defendant, Kenny Hilton. For the reasons that

---

[1] The crimes occurred on September 6, 2003, and Hendrix was indicted for two counts of malice murder, two counts of felony murder, two counts of aggravated assault, two counts of concealing a death, and four counts of the possession of a firearm during the commission of a crime. On April 11, 2005, following a bench trial, the trial court found Hendrix guilty on all counts of the indictment. On April 22, 2005, the trial court sentenced Hendrix to consecutive terms of life in prison for the malice murder convictions, to consecutive terms of ten years in prison for the concealing the death convictions, and to consecutive terms of five years in prison for two of the possession offenses. The felony murder convictions were vacated as a matter of law, and the trial court merged the aggravated assault convictions and two of the possession convictions with other crimes. Hendrix obtained new counsel after his conviction and filed a motion for new trial on May 10, 2005. Hendrix amended his motion for new trial on September 20, 2006, and the trial court denied the motion for new trial, as amended, on September 26, 2006. On October 2, 2006, Hendrix filed a notice of appeal, and on April 22, 2008, the appeal was docketed in this Court. The case was subsequently submitted for decision on the briefs.

follow, we find no merit to Hendrix's contentions and affirm his convictions.

1. Viewed in the light most favorable to the verdict, the evidence shows that a rational trier of fact would have been authorized to find that Hendrix's relationship with Tina Robinson had ended shortly before September 5, 2003, that Robinson was pregnant, and that Hendrix was extremely jealous of Rodney Rozier because Hendrix believed that Rozier might be the father of Robinson's child. The evidence also shows that, in the early morning hours of September 6, 2003, Hendrix forced Kenny Hilton to call Rozier and ask Rozier to come to Hendrix's house to sell Hendrix some drugs. Rozier, along with Algernon Nash, came to Hendrix's house where, according to Hilton, Hendrix shot them both with a shotgun. Hilton added that Hendrix then forced him to help Hendrix put the bodies in Nash's car, drive the car to a different location, pour gasoline on the car, and set it on fire.

Sergeant Fred Lewis of the Clayton County Sheriff's Office testified that he had grown up with Hendrix and had known Hendrix and his family for many years. Sergeant Lewis added that, on August 31, 2003, Hendrix called him and told him that he was concerned about his girlfriend and that he wanted to know what his options were. According to Lewis, Hendrix told him that his girlfriend was pregnant and that she was living in a house where drug activity was prevalent. Sergeant Lewis testified that he told Hendrix he would refer the information about drug use to the narcotics unit and that, as for the issue concerning the child, he should get an attorney. Sergeant Lewis also testified that, after Hendrix was charged with murder, he called him twice about turning himself in.

In a search of Hendrix's house, police found blood and human tissue on a sofa, on the floor next to the sofa, and on a wall in the room in which the sofa was located. Police recovered shotgun pellets from a wall in the room with the sofa and discovered a part of a shotgun and shotgun ammunition in the master bedroom. Police also found what they believed to be a trail of blood leading away from the house. In Hendrix's truck, police found a shotgun shell casing and a gas can.

Donald Bennett, who was a cellmate with Hendrix, testified that Hendrix told him that he shot two people with a shotgun, that Hendrix asked Bennett whether fingerprints could be recovered from a burned vehicle, and that Hendrix stated that he had used cat litter to soak up blood from a carpet.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Hendrix

guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Hendrix contends that trial counsel provided ineffective assistance in advising him to waive his right to a jury trial and to have his case decided pursuant to a bench trial.

"Whether to waive a jury trial is a strategic decision to be made by an accused after consultation with counsel."[3] Moreover, if, as in the present case, trial counsel is not called to testify regarding such strategic decisions, it is extremely difficult for a defendant to overcome the strong presumption that trial counsel's conduct fell within the broad range of reasonable professional assistance.[4] We conclude, however, that we need not decide whether trial counsel provided deficient performance in advising Hendrix to waive his right to a jury trial, as we conclude that Hendrix has failed to satisfy the prejudice prong of his ineffective assistance claim.[5] In examining the prejudice prong of a claim that trial counsel was ineffective in advising his client to waive his right to a jury trial, other courts have held that the proper inquiry is whether the defendant has "demonstrated a 'reasonable probability' that the [outcome of the] proceeding would have been different had he not waived his right to a jury trial on advice of counsel."[6] Given the strength of the evidence against Hendrix, we conclude that he has failed to demonstrate a reasonable probability that the outcome of the trial would have been different if tried before a jury. Accordingly, we conclude that Hendrix has failed to carry the burden to prove prejudice on his ineffectiveness claim.

3. Hendrix contends that the trial court erred in denying his motion to sever his trial from that of his co-defendant due to their antagonistic defenses. We disagree. The fact that defendants assert antagonistic defenses is not sufficient to support a severance absent a showing of harm that could have been avoided by the severance.[7] Here, because Hilton could have testified against Hendrix in his

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Head v. Thomason,* 276 Ga. 434, 439 (578 SE2d 426) (2003). Accord *Van Alstine v. State,* 263 Ga. 1, 2 (426 SE2d 360) (1993).

[4] *Banks v. State,* 281 Ga. 678, 684 (642 SE2d 679) (2007); *Morgan v. State,* 275 Ga. 222, 227 (564 SE2d 192) (2002).

[5] See *Strickland v. Washington,* 466 U. S. 668, 697 (104 SC 2052, 80 LE2d 674) (1984); *Rivers v. State,* 283 Ga. 108, 110 (657 SE2d 210) (2008) (in ruling on an ineffectiveness claim, a court may proceed directly to the prejudice prong without deciding whether counsel's performance was deficient).

[6] *United States v. Lilly,* 536 F3d 190, 197 (3d Cir. 2008). Accord *Jells v. Mitchell,* 538 F3d 478, 510-511 (6th Cir. 2008); *State v. Coonce,* 36 P3d 533, 539 (Utah Ct. App. 2001); *Hensley v. Crist,* 67 F3d 181, 185 (9th Cir. 1995).

[7] *Appling v. State,* 281 Ga. 590, 591-592 (642 SE2d 37) (2007); *Rhodes v. State,* 279 Ga. 587, 589-590 (619 SE2d 659) (2005).

separate trial if the motion to sever had been granted, Hendrix has failed to show harm from the denial of the motion to sever.[8] Accordingly, the trial court did not abuse its discretion in denying Hendrix's motion to sever.

4. Hendrix contends that the trial court erred in admitting certain photographs of the victims. However, because the photographs were pre-autopsy and were relevant to show the nature and location of the victims' injuries, we conclude that the trial court did not err in admitting them into evidence.[9]

5. Hendrix obtained new counsel for appeal and raised an ineffective assistance of trial counsel claim during the proceedings on his motion for new trial. On appeal, Hendrix raises five allegations of ineffective assistance of counsel that he did not assert in his motion for new trial. Because Hendrix failed to raise these allegations of ineffectiveness at the earliest opportunity, he is procedurally barred from raising them on appeal.[10]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*David J. Walker*, for appellant.

*Jewel C. Scott, District Attorney, Anece B. White, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.

---

[8] *Appling*, 281 Ga. at 591; *Shelton v. State*, 279 Ga. 161, 162 (611 SE2d 11) (2005); *Green v. State*, 274 Ga. 686, 688 (558 SE2d 707) (2002).

[9] *Roberts v. State*, 282 Ga. 548, 552 (651 SE2d 689) (2007); *Stinski v. State*, 281 Ga. 783, 785-786 (642 SE2d 1) (2007).

[10] *Hill v. State*, 281 Ga. 795, 799 (642 SE2d 64) (2007).