A08A2003. MATTHEWS v. THE STATE.
(673 SE2d 113)

SMITH, Presiding Judge.

Kevin Matthews, Jr., appeals the post-sentencing denial of his motion to withdraw his plea of guilty to one count of aggravated battery (Count 3), two counts of cruelty to children in the first degree (Counts 4 & 5), and one count of misdemeanor family violence battery (Count 6). All of these charges involved injuries to his infant son, including skull fractures, brain injuries, and loss of vision. Matthews's sole enumeration of error is that the trial court abused its discretion in denying his motion to withdraw his plea.

---

"After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion." (Citation and footnote omitted.) *Weeks v. State*, 260 Ga. App. 129 (578 SE2d 910) (2003).[1] See also *Rocha v. State*, 287 Ga. App. 446, 449 (2) (651 SE2d 781) (2007). "On a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence." (Citation and punctuation omitted.) *Caudell v. State*, 262 Ga. App. 44, 45 (1) (584 SE2d 649) (2003).

Additionally, when

the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citations and punctuation omitted.) *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

1. Matthews entered his guilty plea on October 22, 2007, and was sentenced that same day to an aggregate sentence of 25 years imprisonment, 15 to serve with the balance probated. On October 31, 2007, Matthews filed his original motion to withdraw his plea, arguing that the plea was not freely, voluntarily, and knowingly entered, was made without a knowing understanding of the elements of the crime, was made under duress and not intelligently understood, and was made without a full understanding of the consequences of his plea. On January 29, 2008, an initial hearing was held on the motion, during which Matthews testified that his plea counsel urged him to plead guilty because the trial would start the next day and counsel was not ready for trial. The hearing was then continued until March 7, 2008, to allow this attorney to testify.

At the beginning of that hearing, in open court, Matthews filed his first and second amended motions to withdraw his plea, adding allegations that (1) the plea did not include Count 6 (family violence battery) and, therefore, the entire sentence was void, and (2) that his plea counsel had been ineffective. We cannot consider these amended

---

[1] "After sentence is pronounced, the judge should allow the defendant to withdraw a plea of guilty ... whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice." Uniform Superior Court Rule 33.12 (A).

754

claims in this appeal.

A defendant must file a post-sentencing motion to withdraw a guilty plea in the same term in which he was sentenced. After the expiration of that term, the trial court lacks jurisdiction to allow the withdrawal of the plea. *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005). Thus, "after the expiration of that term and of the time for filing an appeal from the conviction, the only remedy available to the defendant would be through habeas corpus proceedings." (Citation and punctuation omitted.) *Sherwood v. State*, 188 Ga. App. 295 (1) (372 SE2d 677) (1988); see also *Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007). The terms of court for the Stone Mountain Judicial Circuit are the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (37). Matthews entered his plea and filed his initial motion to withdraw during the September 2007 term of court. It was not until the March 2008 term of court, however, three terms after entry of his plea, that Matthews attempted to amend his motion to add the grounds of void sentence and ineffective assistance of counsel. The amended motions, containing new claims, were therefore not within the court's jurisdiction and could not form a basis for withdrawal. See *Rubiani*, supra, 279 Ga. at 299.

2. Considering the original motion to withdraw his plea, we find no merit in Matthews's contentions. When Matthews's case was called during the arraignment calendar on October 22, the State set out the factual basis for the charges against him. The State's recommendation to the court, if Matthews pled guilty, was a sentence of 25 years, to serve 15. Matthews's counsel then asked to speak to the assistant district attorney, after which Matthews's counsel said that there was confusion because he had understood the recommendation would be twenty years to serve ten.[2] Matthews's counsel urged the court to sentence him to twenty years to serve seven. The trial court then stated that he would probably go along with the State's recommendation. At this point, a recess was held and Matthews went into the hallway and spoke with his family.

At the January 29, 2008 hearing on the motion to withdraw his plea, Matthews called his aunt and his mother, in addition to testifying himself. His aunt testified that, during the break in the court proceedings on October 22, 2007, she, Matthews's mother, and his father all strongly urged him to plead guilty, although he was vacillating and wondering why he was pleading guilty. Matthews's

---

[2] The prosecutor's notes reflected that she had told plea counsel she would recommend 20 to serve 12 if Matthews agreed to participate in a study, but the trial court would not allow that.

mother said he was pretty upset and was concerned about the 15 years to serve which he was facing. She also urged him to plead guilty in order to avoid a longer period of incarceration. According to his mother, Matthews went on and pled guilty, "but that wasn't what he wanted." Matthews's understanding was that he was facing a total of possibly 80 years imprisonment.[3] He pled guilty because he was greatly influenced by his family and attorney and he felt threatened by the prospect of 80 years. According to Matthews, prior to October 22, he had never been told the maximum possible sentence and his plea counsel had initially said he would try to get probation for him.

According to plea counsel's testimony on March 7, 2008, he met with Matthews several times prior to his indictment. Following the indictment, counsel obtained discovery and gave copies to Matthews. Because Matthews claimed that the child had fallen and hit his head, counsel retained medical experts to review the child's medical records to see if the injuries could have occurred in this way. Because the experts' opinions were adverse to Matthews's contentions, counsel discussed with Matthews his options of a trial or a blind plea.[4] Plea counsel denied ever mentioning the prospect of probation to Matthews or telling him he was not ready to try the case.

Here, the State met its burden by showing from the record, which contains a copy of the guilty plea hearing, that Matthews was cognizant of the rights he was waiving and of the possible consequences of his plea. At the hearing, he was represented by retained counsel and acknowledged that he was satisfied with his counsel's representation. He denied being under the influence of any alcohol or drugs, affirmed that he could read and write, and signed the plea in open court. He also affirmed that he understood the charges and the maximum possible punishment. Any conflict between Matthews's testimony at the withdrawal hearing and his testimony at the plea hearing "is a matter of witness credibility, which the trial court was authorized to decide against him." (Footnote omitted.) *Niako v. State*, 271 Ga. App. 222, 227 (609 SE2d 154) (2005).

Matthews contends that he was influenced and unduly pressured by his family and counsel to plead guilty. The fact that his family urged him to take a plea for a sentence less than that possible following a conviction by a jury would not invalidate Matthews's guilty plea. An otherwise valid plea of guilty is not involuntary because induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there had been a jury trial. *Parker v. North Carolina*, 397 U. S. 790, 795 (90 SC 1458,

---

[3] The potential maximum sentence was 60 years in prison plus 12 months in jail.

[4] According to plea counsel, judges in this circuit do not accept negotiated pleas.

25 LE2d 785) (1970); *Brady v. United States*, 397 U. S. 742 (90 SC 1463, 25 LE2d 747) (1970). Also, "[d]uress is a question of fact for the trial court to resolve, whose decision we will only reverse if it constitutes an abuse of discretion." (Citation and punctuation omitted.) *Schlau v. State*, 282 Ga. App. 460, 462 (2) (638 SE2d 895) (2006). No such abuse of discretion has been shown here, and the trial court did not err in denying Matthews's motion to withdraw his plea.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JANUARY 28, 2009.

*Ralph Washington*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.