### A08A2118. WILLIAMS v. THE STATE.
(674 SE2d 115)

BERNES, Judge.

LaWarkee LaDay Williams entered a nonnegotiated guilty plea to three counts of distribution of controlled substances, two counts of use of a communication facility in the sale of cocaine, and one count of possession with intent to distribute a controlled substance. He argues on appeal that the trial court erred both by not allowing him to withdraw his guilty plea and by sentencing him as a recidivist. We affirm.

The record shows that this case stemmed from three separate transactions in which Williams sold crack cocaine to a confidential informant working for the state, all three of which were recorded on videotape. Following his arrest, Williams waived his *Miranda*[1] rights and gave a statement to the arresting officer that included an admission as to the existence of additional drugs in his residence and a description of where the drugs could be found. The police later executed a search warrant of the residence and, consistent with Williams's statement, found and seized the cocaine.

Citing Williams's four prior felony convictions, the state filed notice of its intent to invoke repeat offender treatment under OCGA § 17-10-7 (c). During pretrial negotiations, the state offered Williams a twenty-year sentence, ten years to serve, and agreed not to seek recidivist treatment if he pled guilty prior to trial. Williams rejected the plea despite his counsel's advice to accept the offer.

The case proceeded to trial and, after the state presented witness testimony and played for the jury a video recording of one of the drug transactions, Williams informed his counsel that he desired to plead guilty. The parties entered into a nonnegotiated guilty plea with the understanding that the state would seek recidivist treatment. Williams received a 30-year sentence, 15 years to be served in confinement as a repeat offender without eligibility for parole pursuant to OCGA § 17-10-7 (c). The trial court later denied Williams's motion to withdraw his guilty plea and this appeal followed.

1. Williams contends that the trial court erred by not allowing him to withdraw his guilty plea. We disagree.

(a) Williams first argues that his guilty plea was involuntary because he did not knowingly waive his constitutional rights when

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

he pled, did not understand that he could be sentenced as a recidivist, and was subject to his counsel's threat that counsel would "abandon the case" if he did not plead guilty. Williams's assertions are belied by the transcript of the plea hearing and were directly contradicted by his trial counsel.

After a criminal defendant has been sentenced, the determination of whether to allow the defendant to withdraw a guilty plea lies within the sound discretion of the trial court, and we will not reverse the trial court's ruling absent a manifest abuse of that discretion. *Matthews v. State*, 295 Ga. App. 752 (673 SE2d 113) (2009).

> Additionally, when the validity of a guilty plea is challenged, the [s]tate bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The [s]tate may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citation omitted.) Id. at 753. See Uniform Superior Court Rules 33.7, 33.8. We accept the trial court's findings on all issues involving the resolution of witness credibility and factual disputes. *Rocha v. State*, 287 Ga. App. 446, 449 (2) (651 SE2d 781) (2007).

A review of the plea hearing transcript shows that the trial court reviewed with Williams the indictment and affirmed that he understood that he would be pleading guilty to each and every charge. While doing so, the trial court informed Williams both of the maximum punishment as to each individual charge and of the maximum possible sentence that he faced following the plea. The trial court then confirmed that Williams signed a Notice of Rights form and that his attorney went over the form with him. In response to questions from the trial court, Williams stated that he understood that he was giving up his right to a jury trial, his right to a presumption of innocence, his right to require the state to prove its case beyond a reasonable doubt, his right against self incrimination, his right to confront witnesses, and his right to testify on his own behalf or to remain silent. Williams also responded positively when asked whether he was entering the plea freely and voluntarily, and denied that anyone had made any promises to him or threatened him in any way in order to force him to plead guilty.

The state then set forth the substantive factual basis for the charges against Williams and presented the trial court with certified copies of Williams's prior felony convictions. Following the state's proffer of the evidence, the trial court questioned Williams about his

educational background and learned that he was a high school graduate, again verified that Williams was familiar with the charges against him and the maximum possible sentence he could receive, reaffirmed twice that he was not being offered any concessions in exchange for his plea, and twice reconfirmed that he was pleading freely and voluntarily. The following colloquy then transpired between Williams and the trial court:

> THE COURT: Do you understand, sir, that if I . . . accept your plea, that the sentence will be in my discretion and it would be pronounced today?
> MR. WILLIAMS: Yes, sir, I understand that.
> THE COURT: And it would be any sentence within the maximum range allowed by law. I can tell you that it would include repeat offender treatment. Is that clear to you, sir?
> MR. WILLIAMS: Yes, sir, it is.
> THE COURT: It also means that you would not be eligible for parole during any term of incarceration imposed upon you by this sentence.
> MR. WILLIAMS: Yes, sir, I do.

After going through the indictment and allowing Williams to plead guilty to each of the charges, the trial court stated that there was an adequate factual basis for the guilty plea and noted the "overwhelming evidence of guilt" from the evidence that had already been presented to the jury. The trial court then reviewed the certified copies of Williams's prior convictions and ruled that there was sufficient evidence from which to conclude that they were valid felony convictions.

Given this evidence, the state certainly met its burden of showing that Williams's plea was freely and voluntarily entered, that he understood the nature of the charges against him, and that he was aware of the consequences of his plea. See *Matthews*, 295 Ga. App. at 755; *Carter v. State*, 272 Ga. App. 158, 160-161 (2) (611 SE2d 790) (2005); *Weeks v. State*, 260 Ga. App. 129, 130-131 (1) (578 SE2d 910) (2003). Williams's assertion that his trial counsel threatened him in order to persuade him to plead guilty conflicts with his own testimony under oath at the plea hearing that his plea was voluntary and did not result from any threats. Moreover, Williams's trial counsel testified at the motion to withdraw hearing and explicitly denied threatening or coercing Williams in any way; instead, he explained that he had encouraged Williams to accept the state's plea offer prior to trial and advised Williams in his professional opinion that Williams's rejection of the plea in the face of the overwhelming evidence of guilt was a "misjudgment." "The evidence at the hearing supports

a conclusion that any coercion [Williams] may have experienced in connection with the guilty plea arose from the circumstances in which he found himself, not from any [direct threat from his trial counsel]." *Collier v. State*, 281 Ga. App. 646, 649-650 (637 SE2d 72) (2006). See *Blass v. State*, 293 Ga. App. 346, 347 (667 SE2d 140) (2008); *Weeks*, 260 Ga. App. at 131 (1); *Carter*, 272 Ga. App. at 161 (2).

(b) Williams also contends that he should have been permitted to withdraw his guilty plea because he received ineffective assistance of counsel. Williams argues that his counsel was not adequately prepared to go to trial and failed to prepare a legal defense; neglected to file a motion to suppress the evidence recovered from his home; and failed to object to the admission of the prior guilty pleas.

In order to establish a claim for ineffective assistance, an appellant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Hendrix v. State*, 284 Ga. 420, 422 (2) (677 SE2d 597) (2008). Williams has not satisfied either prong of this test.

First, with respect to Williams's blanket, unsupported claim that his attorney failed to prepare for trial and provide him with a defense, "sweeping allegations of ineffective assistance with only the barest of reference to the record are insufficient to establish an ineffectiveness claim." (Punctuation and footnote omitted.) *Ray v. State*, 292 Ga. App. 575, 579 (5) (b) (665 SE2d 345) (2008). See *Allen v. State*, 278 Ga. App. 292, 296-297 (3) (628 SE2d 717) (2006). Moreover, Williams's trial counsel testified at the motions hearing that he met with Williams at least seven times prior to trial and had thoroughly reviewed all discovery and the state's evidence. He stated that, based on his 22 years of experience as a lawyer, he felt that "the [s]tate had an overwhelming case against" Williams, and his best strategy was to pursue an acceptable plea offer. The record does not support Williams's assertion that this performance was deficient. Nor has Williams presented any evidence or defenses that his counsel failed to raise in order to establish that he suffered prejudice from his counsel's alleged ineffectiveness; therefore, this claim fails. See *Bell v. State*, 278 Ga. 69, 73 (6) (597 SE2d 350) (2004); *Sanders v. State*, 293 Ga. App. 534, 539-540 (3) (667 SE2d 396) (2008).

Williams likewise has not shown that his counsel's failure to file a motion to suppress the evidence seized from his residence was deficient. His counsel testified at the motions hearing that he did not move to suppress the evidence because he concluded that the search warrant was "[o]ne of the best [he'd] ever seen" and he did not have a valid legal argument that the search was illegal. The record supports the conclusion that Williams's counsel made an objectively

reasonable assessment of the search warrant's validity. A criminal defense attorney is not required to file futile motions on his client's behalf, and his failure to do so does not amount to ineffective assistance. See *Lockheart v. State*, 284 Ga. 78, 80 (3) (663 SE2d 213) (2008); *Parker v. State*, 281 Ga. 490, 492-494 (3) (640 SE2d 44) (2007).

Finally, Williams did not produce any affirmative evidence at the motion to withdraw hearing in support of his claim that his rights were infringed or that there were any procedural irregularities in his prior cases that would overcome the presumption that the guilty pleas were valid. *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999). Contrary to Williams's assertion, an objection to the use of his prior felonies committed in California on the ground that the state failed to prove that the conduct for which he was convicted was felonious under Georgia law[2] would have been futile. Compare OCGA §§ 16-13-26 (1) (D), 16-13-30 (c) with Cal. Health & Saf. Code §§ 11054 (f), 11350 (a) (possession of cocaine), and OCGA § 16-8-40 with Cal. Pen. Code § 211 (robbery). Thus, Williams has not shown that an objection by his counsel would have been successful, nor has he established that his counsel's allegedly deficient performance prejudiced his defense. See *Hendrix*, 284 Ga. at 422 (2); *Lattimore v. State*, 282 Ga. App. 435, 437 (3) (638 SE2d 848) (2006). Consequently, Williams's ineffective assistance claim fails. Id.

2. Williams next argues that he was illegally sentenced as a recidivist because the state failed to prove that the former guilty pleas had been entered into knowingly and voluntarily. See *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969) (holding that a valid plea requires an affirmative showing of voluntariness on the record in order to conclude that a defendant has waived his constitutional rights).

When a criminal defendant challenges the validity of a prior guilty plea,

the burden is on the [s]tate to prove both the existence of the prior guilty pleas and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted. Upon such a showing, the presumption of regularity is then applied and the burden shifts to the defendant to produce some affir-

---

[2] See *Woodson v. State*, 242 Ga. App. 67, 70 (4) (530 SE2d 2) (2000) (when using foreign convictions for recidivist punishment, "the [s]tate bears the burden of showing that the foreign convictions were for conduct which would be considered felonious under the laws of this state").

mative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.

(Citations omitted.) *Nash*, 271 Ga. at 285. See *Smith v. State*, 275 Ga. App. 60, 64 (5) (619 SE2d 694) (2005).

The record contains certified copies of Williams's four previous felony convictions, all of which indicate that Williams was represented by counsel at the time that he entered the guilty pleas. Although Williams testified that he was not advised of his *Boykin* rights during three of the four plea hearings, he did not produce any other evidence of procedural irregularity sufficient to overcome the presumption of the regularity and legality of the prior proceedings. See *Clark v. State*, 279 Ga. 243, 247 (8) (611 SE2d 38) (2005); *Hampton v. State*, 287 Ga. App. 896, 900-901 (3) (652 SE2d 915) (2007); *Taylor v. State*, 260 Ga. App. 890, 891 (2) (581 SE2d 386) (2003). "[T]he mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient." *Nash*, 271 Ga. at 285. Moreover, the record contains a hearing transcript of one of the pleas about which Williams complains, and it reflects that Williams was in fact informed of his *Boykin* rights and expressly agreed to waive those rights.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 23, 2009.

*Drummond & Swindle, Jason W. Swindle*, for appellant.
*David McDade, District Attorney, Marc A. Watkins, Assistant District Attorney*, for appellee.