677 S.E.2d 598

**In the Matter of Louis S. MOORE, Respondent.**

No. 26650.

Supreme Court of South Carolina.

Submitted April 14, 2009.
Decided May 18, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for respondent.

## DEFINITE SUSPENSION

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law of up to and including one (1) year. We accept the agreement and impose a one (1) year suspension from the practice of law. The facts, as set forth in the agreement, are as follows.

### *Matter I*

Respondent admits closing a real estate purchase transaction for Complainant A, a co-purchaser of the property, with-

out a recordable power of attorney for the other co-purchaser of the property. In addition, he admits he allowed Complainant A to sign documents for herself and as absent co-purchaser after she indicated she had authority to sign for the absent co-purchaser even though he did not seek verification of Complainant A's authority to sign for the co-purchaser.

Respondent admits that the insurance payments on the settlement statement were not accurate and did not reflect the actual disbursement. Further, respondent admits he failed to insure the title insurance on the transaction was in fact issued and that the closing instructions were followed.

Respondent admits he failed to supervise the paralegal who was handling the transaction and that his lack of supervision resulted in mistakes on the settlement statement and mistakes in post-closing requirements.

Respondent admits he falsely witnessed a signature on a mortgage that was signed by another person.

Regarding this real estate transaction, respondent admits he failed to insure that funds were properly credited to his trust account prior to disbursement, that he failed to properly maintain client ledgers, that he failed to timely reconcile his trust account, and failed to follow Rule 417, SCACR.

### Matter II

Respondent admits he failed to refund the Complainants' fee after he agreed to issue the refund. Respondent states he agreed to the refund as an accommodation to the Complainants after they declined to pursue their case. Respondent maintains, however, that he had performed enough work on the Complainants' behalf to entitle him to the fee. ODC does not dispute this assertion.

### LAW

Respondent admits that, by his misconduct, he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 1.5 (lawyer shall not charge or collect unreasonable fee); Rule

1.15 (lawyer shall not disburse funds from an account containing funds of more than one client or third person unless the funds to be disbursed have been deposited in the account and are collected funds); Rule 5.3 (lawyer shall insure firm has in effect measures giving reasonable assurance that non-lawyer's conduct employed by lawyer is compatible with professional obligations of lawyer); and Rule 8.4 (it is professional misconduct for lawyer to violate Rules of Professional Conduct). Further, respondent admits he did not comply with the financial recordkeeping provisions of Rule 417, SCACR. In addition, respondent admits that his actions constitute grounds for discipline under the following provision of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct).

### CONCLUSION

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for one (1) year. Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.