713 S.E.2d 293

**In the Matter of Louis S. MOORE, Respondent.**

No. 27001.

Supreme Court of South Carolina.

Submitted May 16, 2011.

Decided July 11, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Louis S. Moore, of Reidsville, North Carolina, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension from the practice of law for up to ninety (90) days. Respondent further agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission). We accept the Agreement and definitely suspend respondent from the practice of law in this state for ninety (90) days, retroactive to respondent's May 18, 2009, suspension from the practice of law. *See In the Matter of Moore,* 382 S.C. 610, 677 S.E.2d 598 (2009). In addition, respondent shall pay the costs incurred in the investigation and prosecution of this matter within thirty (30) days of the date of this opinion. The facts, as set forth in the Agreement, are as follows.

## FACTS

On May 18, 2009, the Court suspended respondent from the practice of law for one (1) year. *Id.* He has not been reinstated. On or about March 1, 2010, respondent issued a check in the amount of $547.00 drawn on a law firm trust account enrolled in the Interest on Lawyer's Trust Account (IOLTA) program. Respondent acknowledges there were insufficient funds in the account at the time he wrote the check. Respondent had made arrangements to have funds deposited by others into the account prior to the check being negotiated, however, the deposit was not made prior to the check being presented for payment.

Respondent maintains no client funds were maintained in the trust account. ODC does not dispute respondent's claim.

Respondent states that, due to his lack of steady employment and poor credit history, he was unable to open a personal checking account. Respondent admits he was using the trust account for payment of living expenses and acknowl-

edges that the personal use of the trust account was wrong. He asserts he was desperate to take care of his family when he engaged in the misconduct.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer may only deposit personal funds in trust account for sole purpose of paying service charges on the account) and Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent acknowledges his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a ninety (90) day period, retroactive to respondent's May 18, 2009, definite suspension from the practice of law. *See In the Matter of Moore, id.* Within thirty (30) days of the date of this opinion, respondent shall reimburse ODC and the Commission for costs incurred in the investigation and prosecution of this matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, and KITTREDGE, JJ., concur.

HEARN, J., not participating.