**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 2, 2015**

# In the Court of Appeals of Georgia

A14A1835. RANGER v. THE STATE.

RAY, Judge.

Nathan Ranger entered a non-negotiated plea of guilty to two counts of robbery, to robbery as a lesser included offense in three counts of armed robbery, and to one count of criminal attempt to commit robbery (OCGA §§ 16-4-1, 16-8-40, 16-8-41).[1] He appeals from the denial of his motions to withdraw the guilty plea, contending that his plea was not freely and voluntarily made because he did not know he would be sentenced as a recidivist. He also argues that his sentence as to the count of criminal attempt to commit robbery was illegal. We affirm the trial court's denial of Ranger's motion to withdraw his guilty plea; however, because Ranger was

---

[1] The State agreed to nolle prosequi one count of aggravated assault.

improperly sentenced on the criminal attempt to commit robbery charge, we vacate that portion of his sentence and remand for resentencing.

To determine whether a guilty plea is valid, the record must show that the defendant understands the plea and the constitutional rights he is relinquishing. *Boykin v. Alabama*, 395 U. S. 238, 242 (89 SCt 1709, 23 LE2d 274) (1969). The State has the burden on review of establishing that the plea was knowingly and voluntarily entered. *Williams v. State*, 296 Ga. App. 270, 271 (1) (a) (674 SE2d 115) (2009). The State may meet its burden "by showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Citation and punctuation omitted.) *Loyd v. State*, 288 Ga. 481, 485 (2) (b) (705 SE2d 616) (2011); Uniform Superior Court Rule 33.8. After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's sound discretion and will not be disturbed absent a manifest abuse of that discretion. *Williams*, supra. Further, "[w]e accept the trial court's findings on all issues involving the resolution of witness credibility and factual disputes." (Citation omitted). Id.

The record shows that the State filed a recidivist notice on December 28, 2010. The trial court held two pretrial hearings, one on January 4, 2011, and another on January 6, 2011. Ranger entered his plea of guilty to the charges at issue during this latter hearing.

At the hearing on January 4, 2011, at which Ranger was present, the State mentioned its notice in aggravation of sentencing and presented three certified copies of Ranger's prior felony convictions. Ranger's trial counsel specifically acknowledged the prior felonies, stating, "What we would ask for, your honor – we understand the seriousness. We understand the magnitude of these. *This would be as a plea under the recidivist statute*, which, as the court knows, he will serve every day, especially on charges of this." (Emphasis supplied.) Ranger's counsel then asked for a sentence of 20 years to serve 10 with credit for time served. The trial court said it would sentence Ranger to 20 years to serve, then asked the State, "Would he be pleading *under the recidivist statute*?" The State responded, "Yes[.]" (Emphasis supplied.) Ranger's counsel added, "Which is why we had asked for less, your honor." Ranger's counsel then asked for time to consider the possible sentence and noted that Ranger was on the pretrial calendar for January 6, 2011.

When the trial court reconvened on January 6, 2011, Ranger's attorney stated that at the previous hearing, "the court had indicated that if Mr. Ranger wanted to plea, Mr. Ranger would be sentenced to 20 years *as a recidivist*." (Emphasis supplied.) She asked the court to reconsider and mentioned earlier plea negotiations in the case in which Ranger "had been led to believe the offer was 25 years with 15 to serve, the balance probated as a nonrecidivist. When he accepted that offer, he found out that that was no longer on the table and it was indicated that that had never been the intent." Ranger's attorney then asked the court to consider sentencing Ranger to "15 years *as a recidivist*." (Emphasis supplied.) The trial court responded that "in light of Mr. Ranger's prior record and the number of robberies involved in this case, as well as the allegations concerning those robberies, I think the sentence of 20 years to serve is more than appropriate and that would be the sentence the court would impose on a plea." Ranger's lawyer responded, "We will go forward with the plea."

During the plea colloquy, when asked by the court if anyone had made threats or promises to him in exchange for his plea, Ranger responded, "Yes[.]" He then explained that he thought the prosecutor had offered him "25 to serve 15 nonrecidivist or you said 20 to serve 15 recidivist." The State pointed out that this

4

was neither a threat nor a promise, and that, as Ranger's attorney had earlier acknowledged, Ranger's statement did not reflect the intent of the State's offer. The trial court then stated that despite any confusion the attorneys may have had about an earlier negotiated plea offer, "*had that even been the offer submitted to this court[,] this court would not have found it appropriate* in this case. Do you understand that?" (Emphasis supplied.) Ranger responded, "I understand."

As the record makes abundantly clear, the possibility of a nonrecidivist sentence never was presented to or considered by the court. Further, Ranger's response shows he understood that a nonrecidivist sentence was not a possibility. Ranger further indicated during the plea colloquy that, inter alia, his lawyer had explained the charges against him, that he understood that the maximum penalty he could receive for the charges to which he was pleading was 110 years, and that he understood that the court would sentence him to 20 years to serve with no probation. He then entered his guilty plea and stated that he understood his sentence. The transcript shows that immediately after Ranger stated that he understood his sentence and the trial court accepted his plea, the trial court again affirmed that it was sentencing him "as a recidivist" under OCGA § 17-10-7 (c).

At the hearing on his motion to withdraw his plea, Ranger testified that he had never heard the word "recidivist" until the day of his plea. He stated that neither the State nor the trial court explained that he would be sentenced as a recidivist. Ranger's trial counsel, by contrast, testified that she and Ranger had discussed what the term recidivism meant, and that she had explained to him the difference between recidivist and nonrecidivist sentencing "several times." She also confirmed, as is indicated in both pretrial and plea hearing transcripts, that "the nonrecidivist [sentence] was not on the table" at the time of the plea.

Given this evidence, the State met its burden of showing that Ranger's plea was freely and voluntarily entered, that he understood the nature of the charges against him, and that he was aware of the consequences of his plea. Further, any credibility issues were for the trial court. *Matthews v. State*, 295 Ga. App. 752, 755 (2) (673 SE2d 113) (2009); *Weeks v. State*, 260 Ga. App. 129, 130-131 (1) (578 SE2d 910) (2003). The trial court did not err.

2. Ranger argues that the lower court erred in sentencing him to 20 years to serve on the criminal attempt to commit robbery count because the maximum

sentence he could have received was 10 years.[2] The State concedes that this is so, and we agree.

OCGA § 16-4-6 (b) provides that

[a] person convicted of the offense of criminal attempt to commit a felony, other than a felony punishable by death or life imprisonment, shall be punished by imprisonment for not less than one year *nor more than one-half the maximum period of time for which he or she could have been sentenced if he or she had been convicted of the crime attempted*, by one-half the maximum fine to which he or she could have been subjected if he or she had been convicted of the crime attempted, or both.

(Emphasis supplied.) OCGA § 16-8-40 (b) provides that the maximum sentence for robbery is 20 years; half that time, obviously, is 10 years. Accordingly, we vacate Ranger's sentence for criminal attempt to commit robbery and remand the case for resentencing.

*Judgment affirmed in part; sentence vacated in part and case remanded for resentencing. Andrews, P. J., and McFadden, J., concur.*

---

[2] Ranger received 20-year concurrent sentences on all the counts to which he pled.