**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 24, 2024

# In the Court of Appeals of Georgia

A23A1428. WASHINGTON v. THE STATE.

BROWN, Judge.

Neko Washington appeals the trial court's denial of her motion to withdraw her guilty plea to theft by shoplifting less than $500 from a Kroger, for which the trial court sentenced her to twelve months to serve thirty days, with credit for time served, and the balance of the sentence suspended upon the conditions of her not again violating the laws of the State of Georgia and not returning to the location of the theft. Washington contends that the trial court erred in denying her motion to withdraw her guilty plea, arguing that withdrawal was necessary to correct a manifest injustice because the plea was not knowingly, freely, or voluntarily entered and was the result of "an environment of coercion." We affirm.

The record shows that the prosecutor set forth the following factual basis for Washington's guilty plea. On October 6, 2019, Washington was observed at the Lake City Kroger taking items off the shelf and eating the items without paying for them. Washington told police that "someone else was going to cover the cost of [the] items." When that person never materialized, Washington was arrested and charged with theft by shoplifting.

The transcript of the guilty plea hearing shows that on June 12, 2020, Washington entered a negotiated plea to the charge. The colloquy between Washington and the trial court prior to entry of the plea shows that Washington understood the charges against her and that she was represented by counsel who explained her "rights and options" in the case and that she was satisfied with counsel's representation. Washington also acknowledged that she understood that she had the right to plead guilty, not guilty, or nolo to the charge and that counsel explained to her — and she "fully and completely" understood — the nature of the charge, the statutory and constitutional rights applicable to her case, the potential punishment range, and the consequence of pleading guilty, and affirmed that no one had threatened or coerced her into entering the plea. Counsel also testified that he was

2

satisfied that Washington "fully and completely" understood all matters applicable to her case and that he did not know of any reason why the court should not accept the plea.

Before the trial court accepted the plea, the trial court asked why Washington had been in custody since March 5, 2020. Washington's counsel explained that she had been incarcerated in Lake City on the instant charge on October 6, 2019, and apparently bonded out, after which she ended up in Gwinnett County to deal with another matter. According to Washington, she was supposed to be released by Gwinnett County on December 24, 2019, and transferred to Lake City which had a "hold" on her, but nobody came to pick her up until February 12, 2020. According to the trial court, Washington subsequently "got hung up in the [Lake] City court" waiting for them to bind her case over to State Court, but Washington could not appear for her March court date in State Court because of the pandemic.

After the discussion about why Washington had been "in custody so long," the trial court advised Washington about the terms of the negotiated plea and confirmed that she would get credit for time served. When Washington asked if that meant she would "get to go home today," the trial court confirmed as follows: "That is my

understanding. I don't think that you have any holds." The trial court then accepted the plea and advised Washington of her appeal rights.

Five days later, Washington filed a motion to withdraw her guilty plea, alleging that her plea was not knowingly or freely entered because it was the result of duress and coercion. According to Washington, after she was transported to the Clayton County jail from Gwinnett County on February 12, 2020, she requested a jury trial, but her case was not accused by the solicitor's office until nearly four months later. Washington entered the guilty plea because she feared that she would continue to get lost in the system or lose her life due to unsafe conditions in the Clayton County jail. Following a hearing, the trial court denied the motion, pointing out that the Order Declaring Statewide Judicial Emergency — which went into effect at the time Washington was awaiting proceedings in Lake City — mandated that courts cease all operations and that Zoom proceedings did not start until April 10, 2020, all of which caused a tremendous backlog. The trial court concluded that Washington's plea was voluntarily, knowingly, and intelligently entered and that she acknowledged that pleading guilty was her way to get out of jail instead of risk being lost in the system again. The trial court found that Washington had "in fact" demonstrated a high level

4

of intelligence by her "plan to get out of jail and subsequently challenge her plea." As to whether manifest injustice resulted from Washington's prolonged incarceration, the trial court found that Washington had a reasonable bond[1] for the theft charge the entire time she was incarcerated — which was entered when she returned to Clayton County to answer a failure to appear bench warrant issued in the case — but failed to request a bond reduction or a recognizance bond so she could be released from jail while awaiting trial. The trial court also pointed out that when Washington's case came before the court, no jury trials were being scheduled because of the judicial emergency; thus, Washington's options were to plead guilty and accept a negotiated sentence, plead guilty and accept a non-negotiated sentence, or plead not guilty and request a bond reduction or recognizance until a trial could be scheduled. The trial court concluded that Washington's choice to enter a guilty plea and seek withdrawal was not the appropriate way to address her concern of being "lost" in the system, and that the alleged "environment of coercion" leading to Washington's decision to plead guilty failed to meet the definition of manifest injustice. During the hearing, the trial

---

[1] When Washington appeared before the Municipal Court of Lake City on March 5, 2020, and entered a plea of not guilty, that court bound the case over to the State Court of Clayton County and set bond at $1,266.

5

court noted that Washington's decision to wait and voice her concerns confirmed for the court that her plea was taken voluntarily, knowingly, and intelligently, and raised the suspicion "that there was some sort of plan . . . to conspire to take the plea and then try to get out of it later when there . . . was no effort to even ask the [c]ourt for a[n] [own recognizance] bond[.]"

1. Washington contends that the trial court erred in denying her motion to withdraw her guilty plea, arguing that withdrawal was necessary to correct a manifest injustice because she was neither informed of the consequences of pleading guilty nor advised of the more stringent standards for withdrawal after sentencing or that she could withdraw her plea on the record and before sentencing. Because Washington failed to raise this claim below, she has waived it on appeal. See *Humphrey v. State*, 299 Ga. 197, 199 (2) (787 SE2d 169) (2016) (defendant waived for appeal claim that his plea was not knowing and voluntary where claim was not raised below); *Terrell v. State*, 272 Ga. App. 297, 298 (1) (612 SE2d 32) (2005), overruled on other grounds, *Collier v. State*, 307 Ga. 363, 378 (834 SE2d 769) (2019). Even if we were to consider the claim, it is without merit. See *Mahaffey v. State*, 308 Ga. 743, 747 (2) (a), (b) (843 SE2d 571) (2020).

2. Washington contends that the trial court erred in denying her motion to withdraw her guilty plea because the plea was induced while she had been in custody for an extended period of time and was "under an environment of coercion due to being lost in the system." "The standard for withdrawal of a guilty plea following sentencing is 'manifest injustice.'" (Citation omitted.) *Shaheed v. State*, 276 Ga. 291 (2) (578 SE2d 119) (2003). Manifest injustice

> exists if the plea was in fact entered involuntarily, without an understanding of the nature of the charges, or where a defendant is denied effective assistance of counsel. When a defendant challenges the validity of [her] guilty plea in this way, the State bears the burden of showing that the defendant entered [her] plea knowingly, intelligently, and voluntarily. The State may meet its burden by showing on the record of the guilty plea hearing that the defendant understood the rights being waived and possible consequences of the plea or by pointing to extrinsic evidence affirmatively showing that the plea was voluntary and knowing. In evaluating whether a defendant's plea was valid, the trial court should consider all of the relevant circumstances surrounding the plea. The court's decision on a motion to withdraw a guilty plea will not be disturbed absent an obvious abuse of discretion.

(Citations and punctuation omitted.) *Taylor v. State*, 367 Ga. App. 298, 300 (885 SE2d 810) (2023). "Moreover, in ruling on the motion, the trial court is the final arbiter of

7

all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm." (Citation and punctuation omitted.) *Montford v. State*, 317 Ga. App. 417, 418 (731 SE2d 91) (2012). See also *Ranger v. State*, 330 Ga. App. 578 (768 SE2d 768) (2015). "[W]hether or not [Washington's] situation coerced [her] into pleading guilty was a question of fact for the trial court to resolve." *Taylor*, 367 Ga. App. at 301. See also *Frost v. State*, 286 Ga. App. 694, 697 (1) (649 SE2d 878) (2007) ("[d]uress is a question of fact for the trial court to resolve, whose decision we will only reverse if it constitutes an abuse of discretion") (citation and punctuation omitted).

Based on the record, we conclude that the trial court neither erred in determining that Washington made a knowing, voluntary, and intelligent plea of guilty nor abused its discretion in finding insufficient evidence that her guilty plea was the product of coercion based on her having been in custody for an extended period of time and lost in the system. See *Taylor*, 367 Ga. App. at 301 (rejecting defendant's claim that his being placed in protective custody/isolation prior to the entry of his guilty plea coerced him into pleading guilty). During the hearing on the motion to withdraw her guilty plea, Washington testified about the circumstances that kept her

incarcerated in Gwinnett County and then Clayton County until she pleaded guilty on June 12, 2020. She also acknowledged that while in jail she learned that all court operations had "pretty much" shut down because of the pandemic. Nonetheless, when asked why she did not express her concerns about her situation to the trial court, Washington testified that she had explained it to her attorney but "didn't know if [expressing her concerns to the court] would have helped at the time"[2] and that she "just wanted to hurry up and get out." In light of Washington's testimony at the hearing on the motion to withdraw her plea and at the plea hearing, where she participated intelligently but failed to raise her concerns to the court, the trial court was authorized to resolve the question of whether Washington was under duress because of an environment of coercion against her. See *Shaheed*, 276 Ga. at 291-292 (2); *Frost*, 286 Ga. App. at 697 (1). Accordingly, we affirm the trial court's order denying Washington's motion to withdraw her guilty plea.

*Judgment affirmed. McFadden, P. J., and Markle, J., concur.*

---

[2] In fact, during the plea hearing, Washington testified that her attorney had taken the time and opportunity to advise her regarding her rights and options; that she was satisfied with the advice and counsel provided by her attorney; and that she made the decision to plead guilty after speaking to her attorney.