# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Louis S. Moore, Respondent.

Appellate Case No. 2024-002145

Opinion No. 28282
Submitted April 28, 2025 – Filed May 14, 2025

**DISBARRED**

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Connor J. Parker, both of
Columbia, for the Office of Disciplinary Counsel.

John A. Massalon, of Wills Massalon & Allen LLC, of
Charleston, for Respondent.

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR). In the Agreement, Respondent admits misconduct and consents
to disbarment and requests that disbarment be retroactive to his September 27,
2019, interim suspension. The Commission on Lawyer Conduct unanimously
recommends that the Agreement be accepted and Respondent be disbarred, but not
retroactive to the date of interim suspension. We accept the Agreement and disbar
Respondent from the practice of law in this state. The facts, as set forth in the
Agreement, are as follows.

**I.**

Respondent was admitted to the practice of law in 2001. Respondent's disciplinary
history includes a 2009 one-year definite suspension for misconduct regarding a

real estate purchase transaction[1] and a 2011 ninety-day definite suspension for issuing a check drawn from a law firm trust account with insufficient funds.[2]  In 2013, this Court reinstated Respondent to the practice of law upon various conditions.[3]

This Agreement involves eight disciplinary complaints.  In the first complaint, Respondent failed to pay the full amount owed in a fee dispute.  Although Client A was awarded a $2,500 refund in fees, Respondent only paid $2,000.  On September 19, 2018, a certificate of non-compliance was filed for the remaining balance, and on December 7, 2018, ODC issued a notice of investigation concerning the certificate.  Respondent failed to timely respond to ODC's initial letter, prompting follow-up correspondence.  Respondent stated he intended to send a formal response the following day and claimed financial hardship prevented him from paying the remaining balance.  On February 26, 2019, Respondent sent ODC a letter indicating he had entered into a payment schedule with Client A, but, as of December 2024, the $500 remained unpaid.

The second complaint involves Respondent's failure to act with reasonable diligence and promptness in representing Client B.  Client B retained Respondent for a $600 flat fee on June 29, 2018, to obtain a dismissal of a criminal charge and an expungement needed to get a nursing license in Georgia.  Respondent said he could complete the task in two weeks, but he delayed for months despite multiple follow-ups by Client B.  Respondent offered to send a letter to Client B's potential employer regarding the dismissal and expungement, and Client B reiterated that the documentation regarding the dismissal and expungement was required to obtain a nursing license.  Respondent cited his father's health as the cause for the delay and eventually provided copies of the documentation.  However, Client B later filed a complaint alleging she never received the original dismissal and expungement order.  ODC issued a notice of investigation on December 7, 2018.  Following ODC's letter concerning Respondent's failure to timely respond to the notice, Respondent eventually contacted ODC regarding the notice on February 11, 2019.

---

[1] *In re Moore*, 382 S.C. 610, 667 S.E.2d 598 (2009).

[2] *In re Moore*, 393 S.C. 361, 713 S.E.2d 293 (2011).

[3] *In re Moore*, 403 S.C. 369, 744 S.E.2d 501 (2013).

The third complaint involves Respondent's failure to pay the amount owed in a fee dispute. Client C was awarded a refund of $1,500 in fees. A certificate of non-compliance was filed because Respondent failed to pay the awarded fees. On March 8, 2019, ODC issued a notice of investigation concerning the certificate of non-compliance. ODC sent a letter concerning Respondent's failure to timely respond to the notice. On April 30, 2019, Respondent notified ODC that he had entered a payment schedule plan with Client C and would begin making bi-weekly payments. As of December 2024, Respondent has not made any payments and still owes Client C $1,500.

The fourth, fifth, sixth, and seventh complaints involve Respondent's misconduct in the representation of numerous heirs in an heirs' property action. Although Respondent had no record of entering into fee agreements with any of the heirs, he received funds totaling approximately $63,619 on behalf of the heirs and failed to promptly deliver the funds to his various clients. Several heirs filed complaints with ODC, alleging they did not receive their portion of the funds Respondent received on their behalf. A review of Respondent's trust account revealed he misappropriated $31,442 in trust funds belonging to his clients, and the funds were converted for Respondent's personal use. Respondent's trust account containing the heir's funds also revealed that from January through August of 2019, Respondent made one hundred and twenty-five counter withdrawals totaling over $41,000 and cashed three counter checks totaling $1,225. These funds were converted for personal use. Respondent did not maintain client ledgers for the heirs' property action or perform monthly reconciliations of his trust account. ODC issued a notice of investigation for each of the four complaints, and Respondent failed to timely respond to three of the notices. ODC issued letters regarding his failure to respond to the remaining three complaints.

The eighth complaint involves Respondent's failure to pay a process server. In July and August of 2018, Respondent hired a process server for an agreed fee of $440. Respondent failed to pay the full amount owed and, as of December 2024, Respondent still owes the process server $340.

On September 27, 2019, Respondent was placed on interim suspension after he failed to cooperate with the investigation of these complaints pending against him before ODC. *In re Moore*, 428 S.C. 228, 229, 833 S.E.2d 844 (2019).

## II.

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (providing a lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.15 (prohibiting a lawyer from disbursing funds from an account containing funds of more than one client or third person unless the funds to be disbursed have been deposited in the account and are collected funds); Rule 8.1(b) (prohibiting willful failure to respond to a lawful demand for information from an admissions or disciplinary authority); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); Rule 8.4(d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice). Respondent further admits his conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (prohibiting, among other things, violations of the Rules of Professional Conduct); Rule 7(a)(3) (prohibiting willful failure to respond to a lawful demand from a disciplinary authority to include a request for a response or appearance); Rule 7(a)(5) (prohibiting conduct demonstrating an unfitness to practice law); and Rule 7(a)(10) (prohibiting willful failure to comply with a final decision of the Resolution of Fee Disputes Board).

## III.

We accept the Agreement and disbar Respondent from the practice of law in this state. We decline to make the disbarment retroactive to the date of Respondent's interim suspension. Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**